Mr. Justice Livingston
 

 delivered the opinion of the Coürt, and after stating the pleadings, proceeded as follows:
 

 In. examining whether there be any error in the decree of the Court below, we shall have to inquire whether the plea of the respondent is proved; and if so, whether any other decree, except that of dismissing the bill, could have been made by the Court below.
 

 In examining the question of fact, that is, whether the plea were proved or not, it will be borne in mind, that no decree can be made against a positive denial of the defendant, of any matter directly charged in the bill, on the testimony of a single witness, unaccompanied by some corroborating circumstance.
 
 *469
 
 There is no pretence that there is any thing untrue in any of the averments which the plea contains on the subject of the proceedings at law — such as that a judgment was obtained by the respondent — that the same is in full forcé, &c. The first averment in the plea, which will require a more particular consideration, is the one denying that the respondent had at any time obtained from E. Williams, any allow.ance or payment, for* or on account of his being bail for Gibson, in an action brought against him by one Evans. The respondent had been permittéd, as appears by the facts of thé case, to retain out of a fund, on which the appellant had a claim, a considerable sum to save him harmless against this responsibility, and which was, in all probability, allowed to him, on the trial at law. If, therefore, it could have been shown that Blake had been fully indemnified, or paid for this liability from any other quarter, and that this fact had come to the. appellant’s knowledge since the judgment at law, it would seém no more, than equitable, notwithstanding these proceedings, thus far to open the account between them. But has this been done ? The allegation of the bill in substance is, that Blake has been twice indemnified for the same loss, or, in other words, that he had been twice reimbursed the moniés which he paid as the bail of Gibson. This fraud, which is so unhe^ sitatingly charged upon the respondent, is not made out by any testimony in the cause. Independent of Blake’s positive and absolute denial, which is equivalent to the testimony of one witness, there is nothing in the deposition of Williams, who is the only
 
 *470
 
 witness to this point, to establish the fact as stated in the bill. This gentleman has been twice examined, once in the year 1805, as a witness in the trial at law; and again, as a witness in this cause. On his first examination, he stated that he was inform-, ed by Blake that he held in his hand about 6,300 dollars, which had been received of Henry Newman, as an indemnity for his having become bail for Gibson in an action by some person whose name he did not recollect, on which pretence Blake refused to pay him this sum. In his second deposition, which was taken in this cause, he swears that he was informed by Blake, that he had received from Newman about 6000 dollars, which he should retain, in consequence of his liability to Evans, as the bail of Gibson; and that he, Williams, allowed the respondent to apply this money for that purpose. Now, admitting that Blake retained these monies, and with the consent of Williams, who, it appears however, had no interest in, or control over them, with intent to apply them in this way, where is there any proof whatever, m contradiction of Blake’s answer that he ever did make that use of them. He might have securities of Gibson of various kinds, the avails of which he might have a right to retain for the same object, but if he actually made only one appropriation for such object, no one could complain. That the fund spoken of by Williams, which arose out of Newman’s note, was not applied to the indemnity which has so often been mentioned,appears not only by an averment in Blake’s plea to that effect, but bv the testimony of Gibson
 
 *471
 
 himself,, a witness of the. appellant, who declares, that the note of Newman was.subject to his order ; that-no privity existed between .Williams and Blake respecting the sames and that it had not been placed in Blake’s, hands as an indemnity for becoming his bail. It follows, therefore, that -Blake could not have obtained from Williams, any allowance or payment on account of this responsibility ; arid we accordingly find, from the bill itself, that on'a settlement which took place between Blake and Gibson, in.November, 1796, about two months after the acceptance in favour- of the appellant, the former fell in debt to the latter a sum exceeding two thousand dollars,, the payment of which, by'Blake, is one süb-ject of complaint in' the appellant’s bill. Now, it is more thari probable, that in this. settlement, Gibson received a credit for the very moriey of which Williams speaks, as Gibson acknowledges it to have been a final settlement of all the accounts between him and Blake. The Court, therefore, is entirely satisfied, that the averment in the respondent’s plea, which it has just been considering, is fully established, and that the proof is such as to leave no room whatever to believe, that Blake was ever repaid the moneys he advanced as the bail of Gibson, from any other fund than that which the appellant had consented should stand pledged for that purpose. As little truth is there in the allegation that what Williams could testify on this subject, was unknown to Hughes during the pendency of the action at law; for Williams, who is examined as a witness for the
 
 *472
 
 plaintiff in this suit, swears to the very fact, which he had been produced to prove in the action at law respecting the declarations of Blake concerning Newman’s note ; and this he does without any variation from his former testimony, materially affecting the present suit. The other averment, therefore, in the plea, that no new evidence has come to the appellant’s knowledge respecting the matters in litigation, is fully and satisfactorily established.
 

 A replication to a plea is an admission of its sufficiency in point of equity, and all that the defendant has to do, is to prove it in point of fact.
 

 The truth of the plea being thus made out, what is to be the consequence ? If the rule of Courts of equity in England is to be. applied, there can be no doubt. If a plea, in the apprehension of the complainant, be good in matter, but not true in fact, he may reply to it, as has been done here, and proceed to examine witnesses in the same way as in case of a replication to an answer: but such a proceeding is always an admission of the sufficiency of the plea itself, as much so, as if it had been set down for argument and allowed ; and if the facts relied on by the plea are proved, a.dismission of the bill on the hearing is a matter of course. Whatever objection there may be to adhering strictly to this course of proceeding in every description of cases, it is considered ás the long and established practice of a Court of equity, which ought not lightly to be departed from. It is not perceived, that any serious mischief can arise from it. Counsel will generally be able to decide on the merits of any defence which may be spread pn a plea, and if insufficient, it is not probable they will do otherwise than set it down for argument,
 
 *473
 
 Nor will they ever take issue on it, but in a case which presents a very clear and sufficient defence, if the facts be proved. If a replication should be filed inadvertently, the Court would have no difficulty in permitting it to be withdrawn. But if the plaintiff will persevere in putting the defendant to the trouble and expense of proving his plea, it must be from an entire conviction that it contains a substantial de-fence, and in such case there is no hardship in a Court’s considering it in the same light. But without applying the rule which has been mentioned, to the present case, the Court has no difficulty in saying, that the matters set forth in this plea, which has been drawn with great care and judgment, constitute a complete defence to the present action, and that the appellant has failed in showing any good cause why the judgment at law should not be conclusive on all the matters stated in the bill. Whatever claim he may at one time have had on Blake for one fourth of 75,000 dollars, secured by Barrel’s notes, if Blake knew at the time of taking them of his interest to that extent, or for not taking a note for that amount in the name of Hughes himself, it is very certain, that with a full knowledge on his part, that Blake utterly denied a liability to account with any one but Gibson, he came to a settlement with him, by allowing him to accept of Gibson’s draft, in his favour, in such way as to charge the fund on which it was drawn with so many deductions as entirely to exhaust it. And when he is apprised of this conditional acceptance by his agent, or the person who
 
 *474
 
 presented the draft, instead of returning it, or making any complaint, he acquiesces in it for seven or eight years, and then brings an action to enforce this very contract of. acceptance, which he rmist have known put it in the power of the acceptor to make all the deductions
 
 from the
 
 fund in his hands,, which were designated in the act of acceptance. * After, six years litigation in a .Court of law, it is now attempted to revive the same controversy, at least in part, on an allegation that Blake received, a compensation in some other way than out of the fund, on which the bill in his favour was drawn, for one of the liabilities mentioned in the acceptance. That this was not the case, is abundantly proved. But if Blake had other funds of Gibson, besides the note of Barrel, which he also considered as tinder Gibson’s exclusive control, out of which his indemnity as bail might have been obtained, what right has Hughes now to complain, that such other, funds were not applied in that way, after he had agreed or consented that this indemnity should come out of those funds of Gibson in the hands of Blake, out of which he was to be paid. Having come into the arrangement, Blake, might well think himself at liberty, as it seems he did, to apply the other funds of Gibson in any other way which he and Gibson might think proper. Whether Gibson be liable to the appellant for the subtraction of any part of his fund for the payment of his debt, is a question not before the Court; but we cannot see that an application of them in express conformity with the agreement of
 
 *475
 
 the parties to this suit, can give the appellant any claim on the respondent, At any rate, the plea having denied all the allegations which were relied on as grounds for removing the bar which it was anticipated would be interposed to the appellant’s bill, and all the matters stated in the plea, on which issue was talien, having been fully proved, the Court is of opinion, that the decree of the Circuit Court must be affirmed, with costs.
 

 Decree affirmed.
 
 a
 

 a
 

 Vide 1 Mason's Rep.
 
 515. S. C.