SIMON H. GREENE v. CALEB F. HARRIS and another.

H., in his answer to a bill in equity filed against him by G., set up the defence of stated accounts, and claimed under the rules the same benefit as if pleaded. The complainant objected that this was defective because it did not contain an averment that the accounts were correct and true, as otherwise it would not negative the averment of mistake which was set up in the bill for the very purpose of meeting this defence, and which, under the old practice, would have been made in the replication to the plea. *Held*, that as other parts of the answer did contain denials of the alleged mistake and of H.'s knowledge of them, they should be taken together and were sufficient.

On a regular plea of stated accounts, the question is, is it sufficient if true ? Stated accounts is a good defence, unless the complainant can prove error or fraud.

Under the old practice, if a plea was set down for argument, its truth was admitted, and the only question was as to its sufficiency : but under the general modern practice, the defendant is allowed to put the facts in issue afterwards.

So, if the complainant replies to a plea, he could formerly only question its truth and not its sufficiency ; but the court will, in its discretion, if he has replied inadvertently, permit him to withdraw it in order to question the sufficiency of the plea.

The object of pleading in equity, as at law, is to confine the trial to the real questions in dispute, and the court will never suffer justice to be defeated by the merely technical forms which are resorted to.

A verbal contract, which it was agreed should go into effect on the first of April, 1854, and continue "as long as the parties are mutually satisfied," *held* not to be a contract within the Statute of Frauds, as it might be performed within one year.

BILL in equity to redeem a mortgage and to secure a balance of account claimed to be due the complainant. The respondent Harris, in his answer, alleged by way of plea: 1. That detailed and stated accounts were from time to time mutually rendered and exchanged between the parties, by which a certain balance $104,307 71 over and above the mortgage note, was found to be due said Harris on the 31st of December, 1867, interest being from time to time regularly carried into the said account. 2. That the alleged contract was not to be performed in a year, and therefore void. 3. That all the causes of action accrued more than six years before the filing of the bill. 4. Claiming the benefit of the statute of limitations as to claims, if any, accruing more than six years before said bill was filed. All which pleas, when heard before a single judge, were *pro forma* overruled, and, an appeal being taken, were heard before the full court. The facts of the case are sufficiently stated in the opinion of the court.

*T. A. Jenckes and James Tillinghast, for the respondent, Harris,* in support of the pleas, contended :—

I. That this is not a case in which relief is sought from alleged fraud or fraudulent practices on the part of the principal defendant. Nor is there any allegation tending to show that the complainant is compelled to seek relief from any " accident," in the sense in which this word is used, as a basis for equity jurisdiction. The bill fails to make a case upon the special ground of " *mistake*." There is no " unintentional act, or omission, or error, arising from ignorance, surprise, imposition, or misplaced confidence " (Story's Eq. Jur. § 110) averred as to the making of the mortgage, the contracts of 1854–1855, or of any acts under them. There is no mistake of law alleged in any part of the complainant's bill. And with regard to mistakes of fact, or to ignorance of what the facts actually were, when the terms of the contract are clear and explicit, and the facts were within the knowledge or the easy means of knowledge of both parties, the settled rules to be found in all the decisions upon such questions, both in England and America, are well summed up in sections 138 *h* and 138 *i*, of the 9th edition of

Story's Eq. Jur., and also in the original text, sections 146–151. This is not a case where a written contract is sought to be varied or reformed, and new provisions inserted, on the ground of mistake. (See Story's Eq. Jur. § 156, *et seq.*) There has never been any question as to what the written contracts were, or how they should be interpreted. All their accounts were made up in accordance with the clear meaning of their terms, and for the whole period that the business continued. No question was raised upon any subject until three years after the business was closed. There is one conclusive reason why the principle of "*mistake*" cannot be applied to this case. The parties cannot be placed *in statu quo*. There can be no *restitutio in integrum;* no restitution to the condition in which the parties were before the contract was made. It is an inflexible rule of courts of equity, that such replacement should be practicable when relief upon this ground should be granted. Story's Eq. Jur., *ibid, supra*, and cases there cited ; Benjamin on Sales, pp. 303, 306, and cases there cited. No relief is asked, or could be granted, on the ground of any " mistake," within the meaning of that word, as applicable to the jurisdiction of courts of equity.

II. This pretended parol contract can be disposed of by the single plea of the statute of limitations. The rule is absolute that the statute is a bar to relief in equity except in cases of fraud, where the acts of fraud have been concealed by the defendant. Angell on Limitations, §§ 30, 183–191 (fifth edition) ; *Hovenden* v. *Lord Annesley.* 2 Sch. & Lef. 634 ; *Coster* v. *Murray*, 5 Johns. Ch. 522 ; *Michaud* v. *Girod*, 4 How. 503 ; *Hallett* v. *Collins,* 10 How. 174 ; *Phalen* v. *Clark*, 19 Conn. 421 ; *Stearns* v. *Paige*, 7 How. 819 ; *Couch* v. *Couch*, 9 B. Mon. 160 ; *Wagner* v. *Baird*, 7 How. 234 ; *Field* v. *Wilson*, 6 B. Mon. 479 ; *Carr* v. *Hilton*, 1 Curtis, 390. When the fraud is not actual, but merely constructive, the statute applies. *Wilmerding* v. *Russ.* 33 Conn. 68 ; *Farmer* v. *Brook*, 9 Peck, 212 ; *Kane* v. *Bloodgood*, 7 Johns. Ch. 90–114 ; *Hagan* v. *Thompson*, 1 Black, 80 ; see also the cases cited in Story and Angell, under the sections already referred to. " In order to avoid the bar of the statute of limitations, the complainant must not only state that the fraud was

unknown to him till within the time allowed by the statute, but he must state when and how it was first discovered." He must also show that there was no negligence on his part in enforcing his remedy. *Carr* v. *Hilton*, 1 Curtis, 390 ; *Stearns* v. *Paige*, 7 How. 829 ; *Fisher* v. *Boody*, 1 Curtis, 206. If this be the rule in cases of fraud, it is clear that there is no allegation in this bill which can relieve against, or postpone the effect of, the bar of the statute, as the relief asked for grows out of an alleged simple contract.

The rule of decision with regard to matters of account is set forth in Story's Eq. Jur. 9th (Redfield's) edition, §§ 522–529. Section 526 contains the law controlling this case. The substance of it is this : " That an account rendered shall be deemed an account stated, from the presumed approbation or acquiescence of the parties, unless objection is made thereto within a reasonable time. That reasonable time is to be judged of, in ordinary cases, by the habits of business at home and abroad ; and the usual course is required to be followed, unless there are special circumstances to vary it, or to excuse a departure from it." In a previous sentence in the same section, it is said, that " if an account has been transmitted from the one (party) to the other, and no objection is made after several opportunities of writing have occurred, it is treated as an acquiescence in the correctness of the account transmitted ; and therefore it is deemed a stated account." In this case the bill and exhibits show that the accounts were made out and transmitted by the complainant himself, as a correct statement of the results of the business. There is no claim for any correction alleged to have been made in this case, until nearly three years after the close of the business, and after the rendering and statement of the accounts by the complainant himself. Nor is there any allegations, as heretofore shown, that " there has been any mistake, or omission, or accident or fraud, or undue advantage, by which the account is in truth vitiated, and the balance is incorrectly fixed." Story's Eq. Jur. § 523. No one of the grounds upon which equity will decree relief against a stated account appears in the complainant's bill. He has, therefore, no standing in a court of equity.

*Bradley and Metcalf, for the complainants* :—

I. The plea of the statute of frauds fails, because it does not appear by any allegation, either of the bill or answer, that the contract set up in the bill is an " agreement which is not to be performed within the space of one year from the making thereof," nor, that there was not " some note or memorandum thereof " in writing. Rev. St. Ch. 176, § 8, ¶ 5. Were this otherwise, it is sufficiently stated in the bill and not denied in the plea, that the contract relied upon could have been performed within a year, and this is sufficient to defeat the plea. Browne on Statute of Frauds, §§ 273, 279.

II. Nor does the plea of stated accounts constitute any bar to this suit. It lacks one element, without which it is fatally defective. There is no allegation in the plea that the accounts, stated as therein alleged, are correct and true. The court is called upon to dismiss the bill upon the bare presumption that the stated accounts pleaded in bar of the suit are true,—a fact which will never be presumed. 1 Daniell's Ch. 691. Again, the particular errors in those same accounts have been fully set out in the bill, and this is sufficient to avoid the effect of the plea. 1 Daniell's Ch. 374.

III. Neither is the plea of the statute of limitations a bar to this suit. The accounts involved in the litigation between these parties are " such accounts as concern trade and merchandise between merchant and merchant," strictly within the exception to the statute. Rev. St. Ch. 177, § 3. Besides, the transactions between them disclosed by the bill and answer alike, all relate to a mortgage still subsisting. The defendant Harris claims there is due him under said mortgage not only the amount of the note therein secured, but also the balances of the alleged stated accounts. The complainant says, that correcting the mistakes in those accounts, and striking out the errors and false credits to Harris, there would not only be no balance of account due him, but the entire mortgage debt is paid and cancelled. To call this an independent or collateral contract,—to say, in effect, that the complainant by mere lapse of time is precluded from showing payments on the mortgage in excess of those

admitted by the mortgagee,—is to suggest such a defence as a court of equity is certainly not bound to consider with favor.

IV. Apart from these considerations, the pleas of stated accounts and statute of limitations do not not need the essential facts stated in the bill as ground for equitable relief.

V. The words "fraud," "fraudulent," &c., are not indispensable in framing a bill. The only inquiry is, whether the facts charged are such as entitle the complainant to open the accounts nothwitstanding the pleas which are here interposed. *Farnum* v. *Brooks*, 9 Pick. 212, 219 ; 1 Daniell's Chan. 691.

POTTER, J. This is a bill filed August 29, 1868, to redeem a mortgage on the complainant's print-works, and also claims a balance due the complainant. The mortgage was executed by the complainant, May 19, 1855, to secure a note for $40,000, and also all claims, debts, and demands due, or that might become due, and all sums due by note, book account, or otherwise, and also to secure endorsements, &c.

The bill alleges that the parties had been in the closest business relations since 1841, the complainant and his son Henry printing cloths and the said Harris selling them, a part of the time on joint account, and that for a part of the time the goods were printed by complainant and sold by Harris at prices fixed by said Harris, under certain confidential agreements. And that on the first day of January, 1859, said Harris agreed that he would thereafter allow the complainant one-eighth of one cent per yard more than the prices allowed by the Slaters to James Saunders, a near neighbor of the complainant, for similar work, and fixed certain prices as those prices, which were at two different times afterwards reduced by said Harris, subject, as the complainant alleges, to said agreement, and the complainant supposing that they were the prices paid to Saunders ; and the complainant alleges that as he and Saunders were competitors in business, he did not inquire of Mr. Saunders what prices he was receiving, and did not know what they were, and did not discover what they were until December, 1863 ; and he alleges that said Harris has informed him that he, said Harris, did know what the Saunders prices were ; all which, both as to

the agreement to pay said prices and as to his knowledge of them, Harris, in his answer sworn to, (but the oath to which had been waived,) denies.

And the complainant claims that the prices in the accounts rendered by him were fixed by said Harris, the complainant supposing that they were the same as the Saunders prices ; and he now claims that they should be corrected and made to correspond to the Saunders prices, and that upon a correction of said prices, instead of anything being due said Harris on said mortgage and accounts, there would be a large sum due to the complainant.,

The case now comes before the full court on appeal from the decision of a single judge, overruling certain defences set up by the defendant in his answer, by way of plea.

The defendant Harris, in his answer, besides denying the alleged agreement and his knowledge of said prices, sets up these defences, and claims, under the rules of court, the same benefit as if they had been specially pleaded.

1. The Statute of Frauds. That if any such contract ever existed, it was a contract not to be performed within one year, and was not in writing, and therefore void.

On examining the bill, answer, and attached exhibits, we cannot find that it is anywhere alleged that there was ever any contract for a year, or for any very definite time. On the contrary, the agreement of 1854 expressly states that it was " to continue as long as the parties are mutually satisfied," and there is nothing to show that there was ever afterwards any agreement for a year or longer. This plea, therefore, must be overruled.

2. The Statute of Limitations. The first plea of the statute is to the whole claim. As the defendants' answer admits that there were services rendered and payments made from time to time, to December, 1862, without specifying dates more particularly, this plea must be overruled.

The defendant subsequently claims the benefit of the statute for all items of account within six years. He does not specify, and does not aver, that any are within six years, which would

in fact have contradicted the former plea; but we think best to reserve this matter, leaving to the defendant the benefit of it at the hearing.

3. Stated Accounts. The defendant Harris sets up that particular and stated accounts of all the business have been mutually rendered and exchanged between the parties. He does not state that they are in writing, but that is necessarily implied, and he does state the balance of said accounts, the difference between the parties being only $80.12 abatement claimed y said Greene in the interest account.

This defence is set up in the answer, and the defendant claims the same benefit under the rules as if pleaded. The complainant objects that it is defective, because it does not contain an averment that the accounts so rendered were correct and true. If this defence were made by way of a formal plea, it would undoubtedly be necessary that it should contain an averment that the accounts were correct and true, as otherwise it would not negative the averments of mistake or fraud which are made in the bill for the very purpose of meeting this plea, and which could, under the old practice, have been made by way of replication to the plea. The defendant must deny these allegations or his plea will not avail him; it will be no plea.

But this plea is itself a part of an answer; and other parts of the answer do contain denials of the alleged agreements as to prices and of Harris's knowledge of the prices; and we are of opinion that these denials or negative averments are to be taken in connection with the plea and are sufficient.

If the plea was a regular plea of stated accounts, with an averment of their correctness and truth, the question for the court to decide would be,—is the plea a sufficient plea in bar, if true? And as it now stands, it may be stated thus: Is the defence of stated accounts set up in the answer, and in connection with the aforesaid negative averments, sufficient? Stated accounts is undoubtedly a good defence, unless it is shown that there was either error or fraud in the accounts; and this error or fraud is for the complainant to prove. This plea, therefore, connected with the aforesaid averments, must be sustained.

Greene *v.* Harris and another.

Under the strict rules of the old practice, if a plea was set down for argument, its truth was admitted, not merely for the purposes of the argument, but according to many of the authorities conclusively, and the only question was its sufficiency; but by the general modern practice, the defendant would be allowed to reply and put the alleged facts in issue. *Rhode Island* v. *Massachusetts,* 14 Pet. 210, 257. And the chancery rules of New York (Rule 47) made special provision for this case. So, on the other hand if the complainant replies to a plea, he could formerly only question its truth, and not its sufficiency. And while the court say that this rule should not lightly be departed from yet if the complainant has replied inadvertently, they will permit him to withdraw it. *Hughes* v. *Blake,* 6 Wheat. 453, 472.

The object of pleading in equity, as at law, is to confine the trial to the real questions in dispute; and the court will never suffer justice to be defeated by the merely technical forms which are resorted to.

In a case like the present, it would be in the discretion of the court to let the consideration of all the pleas go over until the full hearing, reserving to the defendant the full benefit of them at said hearing; but the course we have taken seems to narrow down the questions at issue, and at the same time to leave open the questions of fact as to error and fraud, which we understand to be the real questions in issue between the parties, and they may thus be saved the trouble and expense of taking evidence upon points which would afterwards be decided against them.

*Decree.* A decree was entered in substance as follows :—1. *Overruling plea of the statute of frauds.* 2. *Overruling respondent Harris's plea of the statute of limitations to the whole suit, without prejudice to his right to insist upon it in his answer.* 3. *Reserving the plea as to items of account beyond six years, to the hearing.* 4. *Allowing the plea of stated accounts: with leave to plaintiff to reply or amend.*