## J. A. K. SMITH *v.* WM. COZART et al.

1. CHANCERY COURT—EQUITY PLEADING AND PRACTICE—PRO CONFESSO. — The chancery court cannot grant a *pro confesso* while pleas to the bill are pending.

2. SAME—SAME—DUTY OF DEFENDANT WHO PLEADS TO BILL. — It is not the duty of a defendant, who pleads to a bill, to set down his pleas for hearing.

3. SAME—SAME—DUTY OF COMPLAINANT WHEN PLEAS ARE FILED. — When pleas are filed to a bill it is the place of the complainant to test their sufficiency in law, or by issue, put them on proof.

4. SAME—SAME—NEGLECT ON PART OF COMPLAINANT AND EFFECT THEREOF. — Where two pleas to a bill remained a year unnoticed by complainant, and he then moved for a *pro confesso*, which was refused, and on motion of defendants to discontinue suit and dismiss the bill, he still failed to answer the pleas, and in consequence his bill was dismissed, the decree dismissing the bill is affirmed.

5. SAME—SAME—PRO CONFESSO, WHERE THE PLEAS ARE FRIVOLOUS. — Where the pleas to a bill are manifestly frivolous, the chancellor may set them aside and grant a *pro confesso.*

APPEAL from the chancery court of Monroe county. BRADFORD, Chancellor.

Appellant filed his bill in the chancery court of Monroe county to set off a note held by him against Cozart against a judgment recovered by Cozart against appellant. An injunction was issued, without bond and without affidavit to the bill, restraining all proceedings under the judgment; Harrison Johnson, alleging that the judgment had been transferred to him, filed his petition to be admitted as a party defendant, which was granted.

Appellees separately pleaded to the bill in substance as follows : That the injunction was issued on a fiat granted by Hon. W. D. Bradford, chancellor, etc., without any affidavit of the facts stated in the bill and without any requirements of bond and security, and that before this a former injunction had been issued to enjoin, and did enjoin, the same identical judgment, which was granted without bond or affidavit, that the first injunction had been dissolved and the bill dismissed, and that the decree was in full force and effect. The pleas were marked filed in February and March, 1870.

On the 25th of July, 1871, appellant moved for a decree *pro confesso* for want of an answer to the bill. On the 1st of August, 1871, this motion was overruled.

On the 26th of July, 1871, appellees moved to discontinue the suit, dismiss the bill and dissolve the injunction because appellant had not set the pleas down for argument upon their sufficiency in law, nor had he replied and taken issue. This motion was sustained.

From these decrees an appeal is prosecuted to this court by complainant in the court below, and he assigns for error the decree of the court overruling his motion, and the one sustaining the motion of appellees for a discontinuance of the suit.

*Reuben Davis*, for appellant.

Cozart could not plead, because having assigned his judg-

ment he had no interest in the suit. Mit. Ch. Pl. 389. As to Johnson the first injunction cannot prejudice him. Moreover, it does not appear from the pleas, that the second suit is for the same matter as the first. Mit. Ch. Pl. 308 ; 1 Vern. 318 ; Barton's Suit in Equity, 105.

It was error to dismiss the bill, because the plea had not been answered. Mit. on Eq. Pl. 218 and notes 1 and 2 ; ib. 15 ; ib. 219 ; ib. 369 ; Ch. Rules, 15, 16, 17 ; Barton's Suit in Equity, 106 ; Mit. Eq. Pl. 37, 82, 87, 158, 242, 268, 280, 303, 308, 357, 367, 368, 375, 380, and note 1 ; Story's Eq. Pl. 439, 440, 652, 661 ; Mit. Eq. Pl. 389.

*Houston & Reynolds,* for appellees,

As to the overruling complainant's motion for a decree *pro confesso,* cited Newton v. Thayer, 17 Pick. 129 ; Acts 1856–7, pp. 225, 226.

As to sustaining the motion of appellees to discontinue the suit, cited Steph. on Pl. 138 ; Hogue v. Lewellen, 42 Miss. 303 ; Lube's Eq. Pl. 81 ; Story's Eq. Pl. 877 ; Mit. Eq. Pl. 321 ; Cooper's Eq. Pl. 328 ; Poultney v. Lafayette, 3 How. (U. S.) 81 ; Rhode Island v. Massachusetts, 14 Pet. 210 ; Rev. Code, 547, art. 42 ; Story's Eq. Pl. 697 ; Mit. Eq. Pl. (301) 353 ; Dowd v. Morgan, 23 Miss. 587.

SIMRALL, J. :

It is assigned for error that the motion of the complainant to take the bill for confessed ought to have been sustained, instead of denied. And, second, that the bill ought not to have been dismissed for want of prosecution.

Among the admirable rules of practice prescribed in the Code of 1857, pp. 546, 547, § 7, are these : If the defendant shall fail to plead, demur or answer, at the proper season, the bill may be taken as confessed, and the court may proceed to make such decree thereupon as may be equitable. When a plea shall be filed, the complainant may set it down for argument upon its sufficiency in law, or may reply and take issue.

When the motion for *pro confesso* was made the defendants had on file a plea, in substance, that, prior to the injunction granted in this suit, there had been granted and issued an injunction restraining the enforcement of the same judgment, without affidavit to the bill or bond, and which injunction had been dissolved, and the bill dismissed. The pleas are predicated upon the act of February, 1866, allowing one injunction of a judgment founded upon a cause of action, *ex contractu*, "made or incurred prior to 1st of June, 1865, without affidavit to the bill and bond, 'provided, but one fiat for injunction, in any one case, shall be granted on the same terms.'" The statute was evidently intended to afford temporary relief to debtors. The pleas allege that one injunction had been issued on the terms of the statute, and, therefore, the complainants had no right to prosecute this injunction suit. The chancery court could not do otherwise than refuse the "*pro confesso*," while these pleas were pending. If they had been put in out of season, or were irregular, according to the practice of the court, the mode of disposing of them was by motion to displace them from the files.

According to chancery practice there are these modes of dealing with a plea: The complainant may set it down for hearing on its sufficiency in law, or he may traverse it, and put in issue the matter of it. In the former case he omits the truth of its allegations, and puts in question their legal sufficiency to bar his relief. In the latter he concedes their sufficiency and refers to evidence to settle the issue of fact. 6 Wheat. 472 ; 14 Pet. 257. The plea may go to a part or the whole of the bill. Story's Eq. Plead., § 693. Art. 42, Code 547, accords with the general practice of courts of equity. "The complainant may set down the plea for argument in its sufficiency in law, or may reply and take issue." But it is said by the appellant that the matter of the plea is insufficient. Pleas in chancery are very much like those in law, as to their order and classification. They may be in abatement or in bar. The former may go to the jurisdiction

of the court or to the disability of the complainant; and there is a third mixed plea, which does not dispute the jurisdiction of the court, or affirm that the complainant is under a disability, or that the defendant is not liable to be sued, "but asserts that the particular suit is defective to answer the purpose of complete justice, or ought not for some other reason to proceed." Beamis on Pleas, 55; 1 Dan. Ch. Prac. 650. These pleas do not, like those in bar, "destroy the claim made by the suit, by showing that the 'right' preferred has no existence or has been discharged, or is vested in the defendant," but they discover a special "reason why the suit should not proceed," to wit: a previous injunction granted "without affidavit and bond," and a denial by the statute of a second injunction on the same terms. The pleas do not controvert the equity of the bill, nor the right of the plaintiff to be relieved touching all the matters whereof he complains, except that he ought not to be permitted to bring them in litigation in this suit for the reason stated. It would seem that the apt mode of presenting upon the record the right of the complainant to proceed with his suit was by this mixed plea in abatement. If the plaintiff wished to test the validity of the plea for the purpose offered, he ought to have taken the judgment of the court on its sufficiency. If it was untrue he ought to have made issue upon it. The defendants were under no duty to set them down for hearing. The complainant brought the defendants into court, asserting a right against them. It was incumbent on him to speed the cause. When their defense was presented it was his place to test its sufficiency in law, or by an issue put them upon the proof of it. The pleas were filed February and March, 1870. More than a year elapsed before the suit was dismissed. This occurred July 25, 1871. A party demurring must set the demurrer for hearing at the next term, or it shall be overruled of course. Five months are allowed the plaintiff after answer filed to prove his bill. If no response be made to the bill, within a short time prescribed, after subpoena served, a *pro confesso* may be taken.

These rules of practice enjoin diligence, and their observ-
ance is essential to the administration of justice "without
delay." Because the defendants did not set their pleas for
argument (as they might have done) does not relieve the
complainant of the duty to urge his cause with reasonable
expedition.

After the motion for *pro confesso* was overruled, the
complainant did not then ask leave to argue the pleas on
their sufficiency, or to take issue upon them ; nor did he do
so when the defendants moved a dismissal of his bill. If
he was under a misconception as to the mode of dealing
with the pleas, then was the opportunity to have craved
further indulgence. In the attitude of the case, we can
examine the pleas for the single purpose of determining
whether they were put in good faith, and contain substance
fairly admitting of consideration as to sufficiency. If they
were so barren of merits as to be characterized as frivolous,
then the chancellor might have set them aside as such, and
granted the motion for a *pro confesso*. We think the pleas
required either a judgment of the court upon them, or an
issue of fact.

*Let the decree be affirmed.*