H. C. Moore *v.* L. H. Holt and others.

April Term, 1876.

Plea of former suit pending and issue taken. — Upon issue taken on a plea of former suit pending, the plea is a good defence so far as the two suits may be found to be for the same matters and the same object, but the dismissal of the bill to that extent will be without prejudice, and with leave, if the former suit should be discontinued before decree, to file a supplemental bill to bring the fact before the court, and for the same relief.

Plea of former suit pending — Sufficiency. — *Semble,* the plea of former suit pending in another Chancery Court of this state, where the complainants are not the same in both suits, would not be sufficient without showing that the former suit had proceeded to a decree.

*Helms & Hicks,* for complainant.
*J. G. Wallace,* for defendants.

The Chancellor : — In the year 1874, L. H. Holt, Herbert Carmack, John O. Carmack, William P. May, and H. C. Moore entered into a partnership for the purpose of

purchasing and running the Brentwood Mills, in Williamson County, near the Davidson County line. The mills were purchased and run accordingly. One of the partners was a citizen of Davidson County, while the others were citizens of Williamson County. On March 22, 1876, Holt and the two Carmacks filed a bill in the Chancery Court of Williamson County, at Franklin, against May and Moore, for a partnership settlement and a dissolution of the firm. Process was issued, and served upon May on the 23d and upon Moore on the 25th of March 1876. The present bill was filed by Moore on March 29, 1876, against his copartners and two other persons,—the latter added for incidental relief. The object of this bill is to rescind the original contract of partnership, on the ground of fraud alleged to have been committed on the complainant by Holt and the vendor of the mills; and, if this cannot be done, for dissolution and a partnership settlement. The defendants, the copartners, have filed a plea of former suit pending, on which the complainant has taken issue. A reference was made to the master, under rule 18 of this court, and he reports that the object of the two suits is the same, and that the parties are the same, except that two persons are made defendants to this suit who are not parties to the other suit. The complainant has filed exceptions to the report, which raise the question whether the report is true in fact.

The plea of another bill depending for the same cause is recognized as a good plea to stay the suit, by the fifty-eighth order of Lord Bacon, and " the dependency of a former suit for the same matter " is stated to be a good plea, by the orders of Lord Clarendon. Beames's Ord. Ch. 26, 176. But it is a bill brought by the same plaintiff, or by some person in the same right, for the same matter, and with the same object, which is thus pleadable. *Dumford* v. *Dumford*, Rep. *temp.* Finch, 179; *Simpson* v. *Brewster*, 9 Paige, 245. Even where the suits are by the same party, it is the decree which operates to stay new litigation under

the plea, for each party then becomes an actor, and is entitled to its benefit. *Houlditch* v. *Marquis of Donegal*, 1 Sim. & St. 493; *Rogers* v. *King*, 8 Paige, 210; *Green* v. *Neal*, 2 Heisk. 218. If the two bills are filed by different persons, though for the same purpose, the court will not stop either before decree; because *non constat* that a decree will ever be obtained. *Mortimer* v. *West*, 1 Swans. 358; *Gage* v. *Stafford*, 1 Ves. 544; *Macey* v. *Childress*, 2 Tenn. Ch. 26. The first suit might be dismissed before decree rendered. *Venning* v. *Loyd*, 1 De G. F. & J. 207; *Innes* v. *Lansing*, 7 Paige, 583. The complainant had the right to test the sufficiency of the plea by setting it for hearing under the Code, sec. 4393. *Montgomery* v. *Olwell*, 1 Tenn. Ch. 184. That course might have raised a difficult question, under the circumstances. *Neafie* v. *Neafie*, 7 Johns. Ch. 4; *Fulton* v. *Golden*, 10 C. E. Green, 353; *Hart* v. *Granger*, 1 Conn. 154. The complainant has, however, taken issue upon the plea, which is an admission of its sufficiency. *Harris* v. *Ingledew*, 3 P. W. 94; *Dows* v. *McMichael*, 2 Paige, 345. And therefore the plea, if true, puts an end to the suit, so far as it is a good defence. *Connell* v. *Furgason*, 5 Coldw. 405; *Ellis* v. *Unet*, 1 Dick. 338; *Hughes* v. *Blake*, 6 Wheat. 453. For the plea may be good to a part of the bill, although put in to the whole bill, which it does not cover. *Duncalf* v. *Blake*, 1 Atk. 53; *Searight* v. *Payne*, 1 Tenn. Ch. 189.

The Chancery Court at Franklin is a court of equal and concurrent jurisdiction with this court, and between such courts the rule is that the court which first acquires jurisdiction is entitled to retain it. *Basset* v. *Basset*, 3 Atk. 207. But this will not prevent both courts from proceeding to a hearing, where each suit is instituted by a different person. *Mitchell* v. *Oakley*, 7 Paige, 68. For, if the pendency of either was held a bar to the other, a subsequent dismissal of the first would operate prejudicially to the party whose suit was held to be barred. *Clerke's Case*, 2 Freem.

162; *s. c.*, Nels. 21. Except for this fact, the court at Franklin would be justly entitled to priority of jurisdiction, not merely because the suit was first commenced there, but because a majority of the parties in interest and the property in controversy are within its territorial bounds. The course taken by the complainant enables me to sustain the priority of jurisdiction of that court, so far as it has been acquired, without prejudice to the complainant in this court. The two bills, to the extent that they seek a dissolution of the partnership and a partnership account, are for the same purpose, and between the same parties. It would be manifestly in conflict with the ends of justice to have two suits pending at one and the same time, in two different chancery districts of the same state, between the same parties, and for the same purpose; for the cases might be so managed as to present a different state of facts, and to produce opposite decisions. *Mocher* v. *Reed*, 1 Ball & B. 318. No harm can result, therefore, by holding that the plea is good to the extent of the partnership dissolution and account. But as the bill at Franklin might be dismissed before decree, I will sustain the plea to that extent, with leave to the complainant, if that suit is thus dismissed, to file a supplemental bill to bring the fact before this court, and to insist upon his right to have the partnership account taken here. The plea is clearly not good beyond those matters in which the two bills are for the same object. The test of identity of the matters of the two suits is whether the judgment in the first could be pleaded in bar as a former adjudication. *Bainbrigge* v. *Baddeley*, 2 Phill. 705; *Watson* v. *Jones*, 13 Wall. 679. This test limits the plea as above, and the defendants must answer the residue of the bill.

If these bills had both been filed in the same court, the prosecution of one of them might have been suspended, and the other, embracing most matters of litigation, allowed to proceed. *Crofts* v. *Wortley*, 1 Ch. Cas. 241; *Rigby* v.

*Strangways*, 2 Phill. 175. Or the two causes might have been heard together, and one account only ordered ; or the account taken in one might have been ordered to be used in the other. *Law* v. *Rigby*, 4 Bro. C. C. 63 ; *Pott* v. *Gallini*, 1 Sim. & St. 209 ; *Shepherd* v. *Twogood*, 1 Turn. & R. 379. And it may be that two courts of the same government, having concurrent jurisdiction, might exercise the same comity, giving priority of right to the court first acquiring jurisdiction. These are matters not necessary to be passed upon in this case.