Blatchford, C. J.
This bill is brought for the infringement of five several letters patent. The bill alleges that the defendant made, used, and vended to others to be used, “soda water and other fountains, each made according to, and employing and containing, the inventions described and claimed in each of the above-named letters patent and re-issued letters patent.” The defendant put in a plea to the bill. The plea sets forth that the bill is brought for the infringement of five separate letters patent, (designating and identifying them as the same which are set up in the bill,) “all of which said letters patent are for separate and distinct alleged inventions,” (a fact which the bill shows,) “which several alleged inventions are not, in point of fact, connected together in use or operation, and are not, in point of fact, conjointly embodied in any of the soda water and other fountains manufactured, used or sold by this defendant; so that the said plaintiff, by his single bill of complaint aforesaid, seeks to compel this defendant to unite five separate and distinct defences, depending severally upon distinct and different proofs, so as to complicate the defence, and embarrass this defendant in its answer to the said bill of complaint; and that it is not true, as alleged in said bill, that the said defendant *233 has made, constructed, used, and vended to others to be used, soda water and other fountains, each made according to, and employing and containing, the inventions described and claimed in each of the above-named letters patent and reissued letters patent.”
The plaintiff put in a general replication to the plea, in the form of the usual general replication to an answer, substituting the word “plea” for the word “answer.” Both parties have treated the putting in of this replication as taking issue on the plea, within the meaning of rule 33, in equity, and have taken proofs on the question as to whether a certain structure made by the defendant contains mechanism covered by a claim or clause in each of the five patents sued on. The testimony for the plaintiffs is addressed to establishing the fact that each of the five patents is infringed by such structure. The testimony for the defendant ignores three of the patents, and is addressed to establishing the fact that two of the five patents are not infringed by such structure. The case has been heard on these pleadings and proofs. The plaintiff asks for a decree overruling the plea, with costs, on the ground that the defendant’s structure infringes each of the five patents, and granting the injunction against infringement which the bill prays for, and refusing to the defendant leave to answer the bill. The defendant asks that the bill be dismissed, with costs, on the ground that the defendant has proved that two of the patents are not infringed by the defendant’s structure.
The defendant, contending that two of the patents are shown not to have been infringed, invokes the rule that the plaintiff, by replying to the plea, admits it to be a valid plea, if true, and thus admits that he cannot recover in the suit unless the defendant’s structure embodies an invention claimed in each one of the five patents. As setting forth this rule, the cases of Hughes v. Blake, 6 Wheaton, 453, 472; Rhode Island v. Massachusetts, 14 Peters, 210, 257; and Myers v. Dorr, 13 Blatchf. C. C. R. 22, 26, are cited by the defendant. The general rule is, undoubtedly, as stated; but in this case the plea does nothing but deny an averment of *234 the bill. What is set up in the plea amounts to no more than denying and r 'gativing the allegation of the bill as to the matters to which the plea relates. On an issue as to such an allegation, whether such an issue be raised by an answer or by a plea, the plaintiff can recover, even though it should appear that the defendant’s structure embodies in it inventions covered by only one, or two, or three, or four of the five patents. The plaintiff must make the averment as to all five of the patents in order that he may have the opportunity of endeavoring to show that all five are infringed by the structure, but he will not fail of relief even though he succeeds in showing that only one of the five is infringed.
The rules of equity practice (and the rule referred to is merely one of practice and not one of substantial right) are not so rigid and inflexible and proerustean as to require that the plaintiff should, in this case, be held to have put himself in the position, by taking issue on the plea, of losing the benefit of a right to recovery which he would have had if the same matter set up in this plea had been set up in an answer. The language employed by text writers and in the cases cited is to be interpreted with reference to the facts of the cases to which the language was applied. Undoubtedly, pleas in some cases are allowable, in equity, which deny merely an allegation of the bill. An instance of this is found in Burnham v. Rangely, 1 Woodb. & M. 17, where the bill described the plaintiffs as citizens of New Hampshire and the defendant as a citizen of Maine, the suit being in the circuit court for Maine. The defendant pleaded that he was not a citizen of Maine when the suit was brought, but a citizen of Virginia. If he was not a citizen of Maine the court had no jurisdiction. Issue was joined on the plea. If the plea was true the plaintiff could not recover. But, in the present case, the plaintiff may recover, even though the plea is true.
In Hughes v. Blake, supra, the court, without applying to that case the rule referred to, held that the matters set forth in the plea constituted a complete defence to the suit.
In Rhode Island v. Massachusetts, supra, the court, while announcing the general rule and overruling the plea as mul *235 tifarious, — issue not having been joined on it, — said: “It is ■the strict and technical character of these rules of pleading, and the danger of injustice often arising from them, which has given rise to the equitable discretion always exercised by the court of chancery in relation to pleas.”
In Stead’s Ex’rs v. Course, 4 Cranch, 403, there was a plea, a replication to it, and testimony to support the plea. The circuit court sustained the plea, and dismissed the bill. The supreme court say: “The only questions before this court' are upon the sufficiency of the plea to bar the action, and the sufficiency of the testimony to support the plea, as pleaded. On the first point the counsel for the plaintiff has adduced authority which would certainly apply strongly, if not conclusively, in his favor, if a special demurrer had been filed to the plea; but, as issue has been taken on it, the court thinks it sufficient, since it contains in substance matter which if true would bar the action.”
The plaintiff contended that the plea was substantially defective, and contained defects which could not be considered as cured by the replication. The court, notwithstanding the xeplication to the plea, examined the plea so far as to see whether it was a good plea in substance. In the case before us the plea is clearly bad in substance.
Eule 33, in equity, provides that “if, upon an issue, the facts stated in the plea be determined for the defendant, they shall avail himself as far as, in law and equity, they ought to avail him.” If the court should determine for this defendant the facts stated in this plea, they ought not to avail the defendant to secure a dismissal of the bill, the plea being to the whole bill. No case has been cited, or is found, where, on such a bill, and such a plea, and such an issue, the court has refused to look into the substance of the plea, or has dismissed the bill when the plea was bad in substance, although the facts set up in the plea were true. Even though the facts stated in this plea should be determined for the defendant, the proper disposition of this case would be to overrule the plea as bad in substance; therefore, the testimony taken on the issue need not be examined. The plea must be over *236 ruled, and, under rule 34, with costs. Under the same rule the defendant will be allowed to answer the bill, on payment of such costs, within twenty days.