JONES v. HILLIS et al.

(Circuit Court, W. D. Michigan, S. D. March 16, 1900.)

1. EQUITY PLEADING—ISSUE ON PLEA.

Under equity rule 33, the determination of the facts stated in a plea in favor of defendant upon an issue taken thereon does not necessarily result in the dismissal of the bill, but the court is required to further determine the sufficiency of such facts.

2. RES JUDICATA—IDENTITY OF CAUSES OF ACTION.

In a suit for the specific enforcement of a contract, a plea setting up a former decree in a suit by the same complainant as a bar is insufficient, where it appears from the record of such suit that the contracts alleged in the two bills are so different, although relating to the same subject-matter, that proof of the contract alleged in one bill would not support the other.

In Equity. Hearing on plea of defendant Hillis.

The bill set up a contract between the complainant and the defendant Hillis, whereby the latter undertook to organize a corporation which should take over certain rolling-mill property at Muskegon, Mich., which had been purchased in their joint interest, and operate it, together with a tin-plate manufacturing business, which it was purposed to add. It alleged that the complainant was skilled in the business which the corporation was expected to carry on, and that it was agreed that he should exert himself in making preparations for the work, and that he should become the manager and a director. It was also alleged that, for what these parties put into the corporation, $150,000 of its capital stock was to be issued to them jointly, charged with such expenses as should be incurred by each of them in carrying out the agreement. The bill then charged that Hillis had procured the organization of the proposed corporation, had transferred to it the rolling-mill property (the title to which stood in his name), and had taken the $150,000 of stock in his own name, denying any right of the complainant therein, and that the corporation, the Champion Iron & Steel Company, which is also made a defendant, was about to issue certificates to Hillis for that amount of stock, in violation of the rights of the complainant, of which it had notice. The bill prayed for an injunction and account. To this bill Hillis interposed a plea that, prior to the commencement of the present suit, this complainant brought a suit in equity in the circuit court for the county of Cook, Ill., founded upon the same transaction, in which he alleged a similar contract, the difference being that it was there alleged that Hillis agreed to cause to be delivered to the complainant one-half of the $150,000 of stock, fully paid and nonassessable, and that he would subscribe the complainant's name in the subscription book of the company for $75,000 of the stock at the time of its organization. The plea further averred that Hillis appeared and answered, denying the contract set up in the bill, that the parties produced proof, and that such proceedings were thereupon had that a decree was entered dismissing the bill, upon a special finding that the

contract therein alleged had no existence. This decree was pleaded as a bar to the present bill. To this plea the complainant filed replication, and the proof on the issue was the record of the Illinois suit.

James C. McLaughlin, for complainant.
Smith, Nims, Hoyt & Erwin, for defendant Hillis.

SEVERENS, Circuit Judge (after stating the facts as above). This case was brought on for hearing before the court upon bill, the plea of the defendant David M. Hillis, and replication. Upon the issue thus joined, I find from the evidence adduced that the plea is true in point of fact. Under the old chancery practice the consequence of the foregoing determination would be a decree for the dismissal of the bill, but under equity rule 33 this consequence does not follow; the provision therein contained being that "if upon an issue the facts stated in the plea be determined for the defendant, they shall avail. him as far as in law and equity they ought to avail him." This changes the former doctrine. The result of the conclusion thus pronounced is that the court is required to determine the sufficiency of the plea to bar the suit. Stead v. Course, 4 Cranch, 403, 2 L. Ed. 660; Matthews v. Manufacturing Co. (C. C.) 2 Fed. 232, 235; Farley v. Kittson, 120 U. S. 314, 7 Sup. Ct. 534, 30 L. Ed. 684; Pearce v. Rice, 142 U. S. 41, 12 Sup. Ct. 310, 35 L. Ed. 925. In these cases the change made in the equity practice by rule 33, which controls the result upon the determination of the truth of a plea, was recognized and the effect of it illustrated.

Upon the hearing of the plea, the facts stated in the bill and not denied by answer are taken to be true. So taken, I think (contrary to my first impression) that they make out a contract of a nature so far different from that set up in the Illinois suit as, to prevent the decree rendered in that suit from being a bar to the present suit. I think it must be conceded that proof in the Illinois case of such a contract as is alleged in the present bill would not have supported the bill in that case, and that, vice versa, proof of the contract there alleged would not support the bill in this case. The result is that the plea must be adjudged insufficient, and an order entered overruling the same, and granting defendant leave to answer under rule 34.

Costs will abide the event of the suit.