MRS. C. M. RANDALL *v.* MERRICK E. SAUCIER.

[59 South. 798.]

1. EQUITY. *Decree pro confesso. Death of defendant. Substitution. Answer.*

The chancery court cannot grant a decree *pro confesso* while an answer or plea to the bill is pending.

2. DEATH OF DEFENDANT. *Substitution. Answer. Decree pro confesso.*

Where in a suit in chancery involving the title to real estate the defendant dies after filing an answer, and the suit is revived against his widow who was the sole legatee of the property, she was entitled to the benefit of all pleadings and proceedings prior to the time when she was made a party to the suit, and in such case a decree *pro confesso* against her was error.

APPEAL from the chancery court of Jackson county.
HON. T. A. WOOD, Chancellor.

Suit by Merrick E. Saucier against Mrs. C. M. Randall. From a decree pro confesso against defendant she appeals.

The facts are fully stated in the opinion of the court.

*Ford, White & Ford,* for appellant.

The first question which naturally suggests itself in this cause is, what is the status of the pleadings and what is required of each party to a suit in a case where the defendant, after having answered the bill of complaint, dies, and the cause is revived against his personal representative, heirs at law or devisees? Appellant makes the contention that after the revival of the suit, each party to the cause is entitled to the benefit of all pleadings and all proceedings prior to the time of the abatement and indeed this would seem to be the holding of all courts without a single dissenting decision anywhere to be found.

It was held by the supreme court of Mississippi that "where a party defendant who has pleaded to the action, dies during the progress of the suit, and his administrators are brought in by *scire facias,* the plea filed during the lifetime of the intestate will be the plea of the administrators if they omit to file a plea to the *scire facias.*" See *Woodhouse* v. *Lee,* 6 S. & M. 161.

It was held by the New Jersey Chancery Court of Appeals that "where a suit abates or becomes defective by the death of a party, and is revived by his heirs, it is a continuance of the same suit, and both parties are entitled to the benefit of all former proceedings prior to the abatement." See *Havens* v. *Seashore Land Co.,* 41 Atl. 755, 57 N. J. Eq., 142.

It was held by the Supreme Court of Utah that "a party substituted under Rev. St., sec. 2920, as plaintiff, on the death of the original plaintiff, was not required to file new pleadings." See *Warren* v. *Robinson,* 70 Pac. 989, 25 Utah 205.

It was held by the Supreme Court of Arkansas that "on the revival of a suit by an executor, or an administrator, the pleadings remained as before, and only the names of the parties are changed upon the records." See *Bentley* v. *Dickson,* 1 Ark. 165.

It was held by the Maryland court that "where an executor, pending a suit against him, dies after plea, filed, and the administrator is made a party, a new plea need not be filed." See *Mitchell* v. *Williamson,* 9 Gill, 71.

Indeed it seems to be a universal rule, without any exception, that where a defendant dies after answer is filed, that the answer filed by the decedent becomes the answer of the person against whom the suit is revived. That being true the answer of O. Randall on file became the answer of Mrs. C. M. Randall upon the revival of the suit against her as the decedent's sole devisee.

*H. B. Everitt,* for appellee.

The only question that is pertinent for review on this appeal is whether the proceeding on the part of complainant, Merrick E. Saucier in taking decree *pro confesso* and final decree on default of the appearance of Mrs. C. M. Randall was the correct procedure under the facts. If so the decree must be affirmed and if not the case will be opened for trying the issue just where it was left off.

In the case cited of *Woodhouse* v. *Lee,* 6 S. & M. 161, it appears that the suit was revived by *scire facias* against the administrator of one of the defendants after issue joined by plea filed by the decedent and that the administrator appeared and went to trial on the issue so joined and the court said, "These were the pleas of the intestate and of course the pleas of the administrator." But that and all other cases cited by counsel were cases of revivor against executors, administrators or heirs at law. At common law the proceeding to revive in such cases was by bill of revivor to which no answer was required and the suit proceeded where it left off. The rule was that where the transmission of the interest was by act of law as to the heir or personal representative, a simple bill of revivor might be brought; but

where by the act of the party, as to devisee, an original
bill in the nature of a bill of revivor must be filed. 1
Am. & Eng. Ency. of Law (1 Ed.), p. 14, citing Story's
Equity Pleadings, sec. 364. It is then stated that to the
latter an answer is required but not to the former and
in 1 Cyc. 102 it is said that in case of the death of a party
his interest is transmitted by a devise or any manner
other than by act of the law the action must be continued
by bill in the nature of a bill of revivor, the one founded
on privity of blood or representation and the other pri-
vity of estate or title. The practice at the common law
in a case requiring a bill in the nature of a bill of revivor
is explained in *Greenleaf* v. *Queen,* 1 Peters, 138, 7 L.
Ed. 85, by the United States Supreme Court. It was
there held that such a bill should set up the matters of
the original bill and the causes for revival as against
the defendant to be brought in and that the defendant
must answer not only the bill of revivor but the original
bill.

In this case Mrs. Randall was not proceeded against
as the personal representative of O. Randall, but was,
instead, as a new party to whom the title had passed
*pendente lite* and not by operation of law but by devise.
Had the cause proceeded without her appearance or an-
swer after incurring costs in making proofs to overturn
an answer that was not her answer the decree would not
have been binding on her as a decision of an issue. Nor
would she have been liable for costs, so incurred with-
out her consent. It is the statutory rule of procedure in
our courts of chancery that when an answer is required
to a bill by any party to the suit in default of such an-
swer, the decree *pro confesso* may be taken at the re-
turn term when such answer is required. It is perfectly
evident that if Mrs. Randall did not see proper to appear
and defend she could not be required to do so and with
or without her no decree could be taken against the es-
tate of O. Randall or against his personal representative

on the issue joined by the answer of O. Randall in the face of the showing made of the transmission of title to the land in controversy to Mrs. Randall by the will of O. Randall.

In case of death and the devolution of title by operation of law the action or suit survives and as a surviving action may be prosecuted against the personal representatives as a matter of right, and it is the same suit that is proceeded with, but in case the defendant transfers his title by his own act or deed the suit must be revived against the vendee as a stranger to the suit who must either take up the fight or permit it to go by default as any other suit. In the last state of case the dead defendant cannot be said to be in court by his decision and the suit is abated and at an end as to him and his personal representatives. There is then no issue and the cause cannot proceed. It is not an action that revives against the personal representatives of the deceased, but one that is abated by the death and the title having passed to another, who may or may not be related by blood or otherwise, at the same time death occurs and the suit must be revived against the new party in interest or another suit brought against the holder of the title sought to be cancelled.

The case of *Woodhouse* v. *Lee* was governed by section 584 of H. & H. Code which provided that in a suit that survived in favor of or against executors or administrators they may prosecute or defend such actions or suits to final judgment, "and the defendant is obliged to answer thereto accordingly." We have no such statute in this state now, in fact, none which seems to cover cases of revival by motion and *scire facias* generally to take the place of bills of revival at common law. Section 677 of the Code of 1871 provided generally for *scire facias* in all cases of action that survived on the death of either party, and simply provided that in case the executor or administrator, in either case of death of plaintiff or defendant, should fail to appear and become

a party, the suit should proceed and judgment should be rendered against them with or without appearance or pleading. It seems that they could not make default in such case but by section 679 if the plaintiff dies, and death is suggested, and his representative fails to appear and prosecute, the suit will be discontinued. Most of the provisions of these statutes have been dropped out of the late statutes and rules for revival by *scire facias* on motion appear to be provided for certain states of case, such as cases of two or more plaintiffs or defendants, and the cause of action survive to the surviving plaintiff or against the surviving defendant when no revival is required; where either party shall die between verdict and judgment when the cause shall proceed without revival, and in case of the death of the plaintiff for dismissal of the action unless the representatives appear and prosecute in a given time. Sec. 724, Code 1906.

REED, J., delivered the opinion of the court.

The appellee filed a bill against O. Randall and several others, praying for cancellation of title to certain real estate in Jackson county. A decree *pro confesso* was taken as to all defendants, except O. Randall. He filed an answer to the bill. On March 21, 1910, the appellee, complainant in the court below, in a motion suggested the death of O. Randall, and asked for issuance of process and revival of the cause against the appellant, Mrs. C. M. Randall, who is described as "widow and sole legatee of the property in controversy." The motion was sustained, and process directed to be issued. On May 3, 1910, appellant was served with summons to appear and answer the bill. On November 21, 1910, a decree *pro confesso* was rendered against appellant, Mrs. C. M. Randall, and on November 28, 1910, the cause was set down for hearing on bill of complaint and decree *pro confesso* against appellant, and decree ren-

dered canceling appellant's title to the land. It will be noticed that the answer filed by O. Randall was ignored.

Appellant contends that decree *pro confesso* could not be rendered while an answer to the original bill remained on file. It seems clear that the chancery court cannot grant a decree *pro confesso* while an answer or plea to the bill is pending. *Smith* v. *Cozart,* 45 Miss. 698.

In the case of *Moore* v. *Hamilton,* 44 N. Y. 666, it is said: ''When an action is revived, the issue and proceedings are taken up at the point where death, marriage, or other devolution of the party to whom the change is made left them. The new or substituted party takes the place of the former one, and the case is revived and proceeds in all respects as if the new party had been in the case from the beginning.'' And it is decided in *Woodhouse* v. *Lee,* 6 Smedes & M. 161: ''Where a defendant dies pending suit, and his administrators are brought in by *scire facias,* a plea filed during the lifetime of the intestate will be considered as the plea of the administrator, if they omit to file a plea to the *scire facias.*''

A bill cannot be taken as confessed while an answer or a plea remains undisposed of. In this case, the answer filed by O. Randall was still on file and undisposed of when the decree *pro confesso* was rendered. According to the proceedings to revive the cause, made by the appellee herself, the appellant, Mrs. C. M. Randall, was the widow and sole devisee of O. Randall, the defendant, and as such sole legatee owned the same interest in the property in controversy which belonged to O. Randall. She was entitled to the benefit of all pleadings and proceedings prior to the time when she was made a party to the suit. Certainly the answer filed by her deceased husband could be used as defense for her. The answer should have been disposed of in some way before the court rendered a decree *pro confesso.* It was properly filed, and the court could not ignore it.

Reversed.                                   *Reversed.*