BUZZARD (WETZELL v.). See Case No. 17,471.

BYAM (BROOKS v.). See Cases Nos. 1,947–1,949.

## Case No. 2,262.

BYAM et al. v. BULLARD et al.

[1 Curt. 100; [1] 1 Am. Law Reg. 139; 2 Liv. Law Mag. 314.]

Circuit Court, D. Massachusetts. May Term, 1852.

INFRINGEMENT OF PATENT — SALE TO PATENTEE—ACTION ON THE CASE.

1. A sale of the thing patented, to an agent of the patentee, employed by him to make the purchase, on account of the patentee, is not, per se, an infringement.

[Cited in Fairbanks v. Jacobus, Case No. 4,608.]

2. Accompanied by other circumstances, it may be evidence of an infringement.

[3. Action on the case for violation of a patent-right will not lie where the plaintiff has suffered no damage or injury.]

At law. This was an action on the case for an infringement of a patent-right for the manufacture of loco-foco matches, belonging to the plaintiffs [Ezekiel Byam and others]. It came before the court on a statement of facts, wherein it was agreed that, before the date of the writ, the defendants [Bullard and others] sold, to an agent of the plaintiffs, who was employed by the plaintiffs to make the purchase, matches, of the value of six cents. That such sale, if made to any other person than the plaintiffs, or their agent, would have been an in-

[4] [From 1 Brun. Col. Cas. 589.]

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

fringement of the patent; and the questions submitted were whether such a sale was an infringement, and if so, what was the measure of damages.

Charles Sumner, for plaintiffs.
William Brigham, for defendants.

CURTIS, Circuit Justice. The act of July 4, 1836 [5 Stat. 123], § 14, enables patentees and their assignees to bring actions on the case, to recover damages for making, using, or selling the thing, whereof the exclusive right is secured by a patent. Two inquiries arise in this case. The first is, whether, upon the facts stated, the law imports either the damage, or the injury, both which are necessary, by the common law, to support an action on this case. The second is, whether an action on the case, for the violation of a patent-right, was intended to be given by the patent act, where there was neither damage nor injury received, according to the principles of the common law. As to the injury, the general rule of the common law is, "volenti non fit injuria;" and, in accordance with this maxim, no one can maintain an action for a wrong, where he has consented, or contributed to the act of which he complains. And this principle has been applied to numerous cases in which, though the defendant was in the wrong, the plaintiff's negligence had contributed to produce the consequential damages which were sought to be recovered in tue action. Here, the plaintiffs not only consented, but coöperated; for, through their agents, they were themselves the purchasers. As to the damage, it is true that, in general, the law imports damage from the violation of a right, but I am not aware that damage has ever been presumed by law from an act in which the plaintiff coöperated, and which, therefore, must be supposed to have been done for his own benefit, or at least not to have been to his loss. It was argued that, ex necessitate rei, such a sale should be held to be an infringement, because it is only by such evidence that an infringement of many patents can be shown. This may be sufficient to prove that such a sale may be evidence of an infringement, and that from such a sale, accompanied by other circumstances likely to exist, and capable of being proved if the defendant does infringe, a jury would be warranted in finding an infringement by sales to others than the patentee. If the plaintiff's agent purchased the matches at a shop where matches and similar articles may be expected to be found for sale, if they were sold to him in the usual course of the trade there, and if he saw others exposed for sale, it would be a natural inference for a jury to make, that this was not the only parcel sold; that, in the course of the defendant's business, he had sold what he showed himself willing and desirous of selling, and what customers

are frequently in the habit of buying, and I know of no rule of law which would restrain them from drawing such an inference. But it is a very different question, whether such a sale is itself an infringement. Thus, in Hall v. Boot [Jarvis], Webst. Pat. Cas. 100, the patent was for a process of singeing off the superfluous fibres from lace by means of the flame of gas. The evidence of infringement was that the defendant had secretly prepared an apparatus similar to that used by the patentee, and had sold lace in a state to which it would have been brought by using the patented process. A similar ruling may be found in Huddart v. Grimshaw, Dav. Pat. Cas. 290, and many other cases. So in Keplinger v. De Younge, 10 Wheat. [23 U. S.] 358, it was held, that evidence from which a jury might infer that a patented machine was let to the defendant under color of a contract to buy the product of the machine, would authorize a finding of a use of the machine by the defendant. But in neither of these cases would the naked facts, sworn to, have amounted to an infringement. It remained for the jury to draw from them the inference that the defendants had in fact used the thing patented. Now the argument ex necessitate can extend no further than the supposed necessity extends, and that is, at the utmost, only to make such a sale evidence of an infringement, which stops short of its being an infringement. It was also argued that this was not a sale to the plaintiffs, except by construction of law, but only to their agent, and that, for the benefit of patentees, the law would not deem it the same as a sale to the plaintiffs. I can see no reason for making a distinction between patentees and other persons in this particular, and if I am at liberty to disregard a plain rule of law, for the benefit of patentees, I should very much doubt whether it would be for their advantage to hold that the acts of their agents were not their own.

Nor can I find any solid foundation on which to rest the right of a patentee to support an action on the case for the violation of his exclusive right, except that settled and reasonable common-law basis of all such actions, injury and damage; injury by a violation of the incorporeal right, and damage, at least nominal, presumed by the law to arise from such violation. Such I understand to have been the principle proceeded upon by Mr. Justice Story, in Whittemore v. Cutter [Case No. 17,600], where he held that making a machine for a philosophical experiment, or to test the sufficiency of the specification, would not be an infringement; and in Sawin v. Guild [Id. 12,391], where he says the act must be with intent to deprive the patentees of some lawful profit; and also by Mr. Justice Patteson, in Jones v. Pearce, Webst. Pat. Cas. 125, where he excepts the making of a patented article for mere amusement, and not for profit. In these cases, inasmuch as there was supposed to be no damage, there was thought to be no action. And though I am rather disposed, with Mr. Justice Washington, in Watson v. Bladen [Case No. 17,277], to doubt whether the assumption is correct, that in such cases there is no damage; yet if the assumption be correct, I think the inference is sound that no action lies. It is true some of the patent acts which were repealed by the act of 1836 [5 Stat. 123], gave an action for a sale, if made without the consent, in writing, of the patentee, or of his assigns. But the law now in force contains no such provision; and if it did, I should still be of the opinion, that a sale to the patentee himself was not such a sale as was intended by the statute; that no sale was within its meaning, except one which would be within the terms of the grant contained in the letters-patent, which is a grant of an exclusive right to make, use, and vend to others to be used. In this case, I am of opinion that the sale to the plaintiffs' agent was a sale to them, and that such a sale is not, per se, an infringement. On a statement of facts, I am not at liberty to draw any inferences, and the judgment must be for the defendants.

[NOTE. For other cases involving this patent, see note to Byam v. Farr, Case No. 2,264.]