P. Della Torre, U. S. Atty., for appellees.

## Case No. 3,742.

### DE FLOREZ et al. v. RAYNOLDS et al.

[14 Blatchf. 505; [2] 3 Ban. & A. 292.]

Circuit Court, S. D. New York. June 18, 1878.

PATENTS — DECISION OF OFFICER AS TO PRELIMINARY OATH — NOVELTY — INFRINGEMENT — EVIDENCE — TIN CANS.

1. The invention described in the reissued letters patent granted to Moritz Pinner, November 1st, 1864, for an improvement in tin cans, (the original patent having been granted to Jean Bouvet, June 28th, 1864,) is not a different one from that described in the original patent, although, in the reissue, the device is described as applicable to different forms of construction of cans, and by different modes, from those in the original.

2. The decision of the patent office, in granting a patent, that the inventor had made the necessary preliminary statutory oath, is final.

[Cited in Holmes Burglar Alarm Tel. Co. v. Domestic, etc., Tel. Co., 42 Fed. 222.]

3. Soldering a flat strip of metal over a slot, by soldering the edges of the strip to those of the slot, is not different from soldering a round wire into a slot, by connecting the edges of the slot with solder over the wire.

4. The necessary utility, to uphold a patent, considered.

5. The requirement, in the patent, that the solder is to be torn, indicates that it must not be of a kind so hard that it cannot be torn.

6. A person who infringes a patent is liable for the infringement, although what he does may be an improvement upon the patented device.

[Cited in Phillips v. Carroll, 23 Fed. 250.]

7. The proof of infringement was the sale of a can by the defendant, purchased for and by the direction of the plaintiff. The can was sold in the usual course of the defendant's business. On all the evidence, it was held that the defendant was dealing in the infringing cans in such a manner that, except as to the one can referred to, he was liable to account, and ought to be restrained by injunction.

[This was a bill in equity by Rafael De Florez and another against Charles T. Raynolds and others.]

William K. Hall and Joseph J. Marrin, for plaintiffs.

James A. Whitney, for defendants.

WHEELER, District Judge. This cause has been heard on pleadings, proofs, and arguments. The orators are owners of a patent for an alleged improvement in tin preserve cans, originally issued to Jean Bouvet, in letters No. 43.378, June 28th, 1864, assigned to Moritz Pinner, and reissued to him in letters No. 1,804. November 1st, 1864, and have brought this bill to restrain an alleged infringement, and for an account. The defendants deny the validity of the patent, for the reasons that, as they claim, the invention described in the reissue is different from that covered by the original; that it cannot be adjudged, on the proofs, that Bouvet was an original and first inventor, as in ordinary cases, because it does not appear by the record that he made oath that he was such inventor, nor that Pinner made oath that he was, nor that he believed that he was, and that it is not proved, otherwise than by the production of the letters, that he was; that the invention lacks utility; that it cannot be put into use by the method described; that the method described is not the best one for putting it into use; that what is claimed to be an infringement is not so; and that, if it is, no foundation for an account is shown.

The principal grounds of difference between the invention described in the reissue and that in the original, specified, are, that, in the reissue, the device is described as applicable to different forms of construction of cans and metallic vessels, and by different modes, from those in the original. These grounds, to some extent, seem to exist. But, to the extent shown to exist, they do not make it appear that the invention described in each is not the same. That may be used in many different ways, and be applied to many different subjects, and still be precisely the same thing. While this strict identity remains, it is not understood that any departure, however wide, in the reissue, concerning the mode or the subjects of application, will invalidate it. No variance touching the invention itself has been point-

---

[1] [Reported by Hon. Ogden Hoffman, District Judge, and here reprinted by permission.]

[2] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

ed out or noticed. So, that ground of objection must fail.

Bouvet signed a petition for letters patent for the invention, in which he stated, that he had invented it, but not that he believed himself to be the original and first inventor of it. The vice consul of the United States at Paris, in France, certified that he personally appeared before him and made oath that he verily believed himself to be such inventor, but Bouvet did not sign that statement. So, he did not sign and make oath, both, to any statement of such belief. It is claimed, that both are necessary to show the necessary oath. This may or may not be correct. It is also claimed, that, as it is because patents are granted only upon oath, that they are prima facie valid, in this country, if it is shown that proof of an oath was lacking in the granting, the prima facie effect is done away with, and the patent must fail, unless supported by proof to the court that the patentee was the original and first inventor. But, the law requires the oath to be made before the granting, as a condition precedent to it. Rev. St. § 4892. With the oath, and other requisites, it was within the province of the patent office to grant the patent; without it, not to grant it, nor any qualified one, to be valid only on proof of priority of invention. The certificate of the vice consul had some moral tendency, at least, to show the necessary oath. It was the duty of the officers of that department to decide whether it was sufficiently shown or not. It must be presumed to have been passed upon according to the requirements of the law; and the law does not leave the validity of the patent open to be inquired into by the courts, upon that ground, as it does for want of novelty and some other grounds expressly provided for. Rev. St. § 4920. The decision of that tribunal upon that question must be final, like that of others made competent by law to decide. The patent must be considered to be prima facie valid, like others.

The question of infringement, or not, is the most important one in the case, and the other remaining ones are so connected with that, that the disposition of that will dispose of most of them. The plaintiffs' device consists in providing for opening cans without cutting the material of which they are made, or melting the solder with which it is fastened, by making a slot around, or nearly around, the part to be removed to open them, placing a wire, round, flattened, or of other shape, with one end projecting outward, into the slot, and connecting the sides of it with solder over the wire, so that, by lifting the wire outward by the projecting end, it will divide the solder and leave the part to be removed free to be taken out or turned outward. The defendants' device consists in placing a narrow strip of metal, with a projecting end, over a similar slot, and soldering the edges of the strip to those of the slot, so that, by lifting the strip outward, by the projecting end, it will divide the solder at the edges, uncover the slot, and leave the part to be removed likewise free to be taken out or turned outward. A comparison of these two contrivances with each other shows, quite clearly, that they accomplish the opening of the cans, each by tearing the pieces of metal, by the projecting ends, through the solder. The differences most relied upon by the defendants are, that, by the orators' method, they are put into the slot, while, by theirs, they are put over it, and that the orators use wire, while they use strips, and that the orators solder over them, while they solder the edges of them, and not over them. But, the thing to be accomplished is to connect the two edges of the slot by solder, with something between that can be removed without melting the solder, and it can be of no consequence, whether the thing between is in the slot or above it. The mode of unison is the same. Nor can it be of any importance, whether the solder extends all the way over across the intermediate piece, or only over the edges of it. There appears to be no doubt, but that it would be an infringement to use the plaintiffs' device by soldering the sides of the wire to the edges of the slot, without joining the solder over it. And, if the defendants' strip of metal is the equivalent of the wire, it is equally an infringement to join the edges of that to the slot with solder, without soldering over it. It is urged, that the strip is not a mechanical equivalent of the wire, and that, if it is, it was not known to be such at the date of Bouvet's invention. In the original specification, the wire was to be of any desirable shape to fit into the vacant space. This would include a flattened wire, if that shape would be desirable, and then it would be a flat strip of metal. But, if round wire only had been referred to, a strip of metal would be its ready equivalent, for the purpose of occupying a vacant space, to be soldered to. The leading conception and the idea are the same in each case, and those embodied in Bouvet's invention lead readily and directly to the defendants' device.

The defendants have undertaken to show lack of utility, by having cans made, as they claim, according to the letter of the specification in Bouvet's patent, which cannot readily be opened as desired. But, these cans are not made according to the specification. The solder extends around under the wire, when, by the specification, it would only extend over it. It is said that they can be made without the solder extending around the wire on the under side, only with difficulty. That may be so; but, if they can be made at all without, the invention may be of some, though not of great, utility, enough to uphold the patent for it. And, then, the solder in those specimens is quite hard. It is true, that the patent

does not specify the kind of solder to be used. But, it proceeds, all the way, upon the requirement that the solder is to be torn, which would indicate, to a competent workman, that it must not be of a kind so hard that it cannot be torn. The invention covered by the orators' patent seems to be sufficiently useful to be patentable, and they have a patent for it. If the defendants infringe, they are liable for the infringement, although what they do may be an improvement upon the orators' method.

The infringement shown is by proof of the sale of a can by the defendants, purchased for and by the direction of the orators. It is claimed that the orators so participated in this transaction, that the defendants cannot be liable on account of it. This is, probably, true, and, if this was all the defendants have done, the orators would not be entitled to a decree. But, this can was purchased of the defendants in the usual course of their business, which is some evidence that they are dealing in those articles. This evidence they have not met and denied, but have rather supported. From it, it is found that they are dealing in these infringing cans in such a manner that, except as to this one purchased for the orators, they are liable to account, and to prevent which they should be restrained.

Let a decree be entered for an injunction and an account, accordingly.

[NOTE. An application for leave to review the decree entered pursuant to this opinion was denied. Case No. 3,743. Subsequently, on defendant's application, the decree was amended. See 8 Fed. 434.]