## Low *et al. v.* Fels.[1]

*(Circuit Court, E. D. Pennsylvania.* April 20, 1888.)

TRADE-MARK—INJUNCTION—ACCOUNTING—LACHES.

One who in good faith uses a label in ignorance of the fact that said label is another's trade-mark will be restrained by injunction from further using the same; but if the owner of the trade-mark has had knowledge of such use of it, and through indifference or negligence has taken no steps to protect his rights, he is not entitled to an account of sales or damages.

In Equity. Bill for infringement of trade-mark. On bill, answer, and proofs.

Alfred Low and Robert Haydon, of London, England, trading as Low, Son & Haydon, filed a bill against Joseph Fels, trading as Fels & Co., averring that they and their predecessors were, and had been for a long time, manufacturers of soaps and perfumery, especially of a certain soap known as "Brown Windsor Soap," distinguished and recognized by certain well-known marks, stamps, and labels, the property of complainants; that said soap had attained a great reputation by reason of its superior quality, and was extensively purchased and used by consumers, thereby yielding large profits to complainants; that the said marks, stamps, and labels, having been employed for a long time past, had become established in the public mind as indicating that the goods bearing them were the product of complainants; that the respondent had been for some time past engaged in manufacturing and vending a compound intended to resemble the said "Brown Windsor Soap," being colored, perfumed, marked, stamped, and labeled in imitation of complainants' goods; that such manufacture had been begun by respondent long after complainants' soap had acquired its great reputation; that by reason of the imitation aforesaid, respondent had deceived and enabled others to deceive the community, thus selling large quantities of his own products, and inflicting a corresponding injury upon the complainants. The bill then demanded answers to certain interrogatories embodying the above facts,

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.

and prayed an injunction restraining the further manufacture and sale by the respondent of soap prepared, marked, stamped, and labeled in imitation of complainants' goods, and an account of the proceeds of the soap so manufactured and sold by the respondent in violation of the rights of complainants. The respondent pleaded that "soaps like those alleged in the said bill of complainants to be imitations of the soap as made and sold by the complainants, and the marks, stamps, and devices on the labels alleged to be in imitation of the labels of the complainants, and the packages alleged to be imitations of complainants' packages in size, shape, color, etc., have been made, used, and sold in open market in many parts of the United States, particularly in the Eastern district of Pennsylvania, with the knowledge of the complainants and the parties whose business they allege to have succeeded to, for a period of more than twenty-one years continuously last past." The case was referred to an examiner, who reported the testimony taken. It appeared therefrom that the goods of complainants had never had an extensive sale in the United States; that imitations of them had been manufactured and sold by many persons, with the undoubted knowledge of complainants; and that it had been generally understood that the name and labels were open to the use of any one who might desire to avail himself of them.

Fred'k W. Hinricks and Robt. D. Maxwell, for complainants—

—Argued that the lapse of time did not bar their right to an injunction. Taylor v. Carpenter, 3 Story, 463; Gillott v. Esterbrook, 48 N. Y. 374; Wolfe v. Barnett, 24 La. Ann. 97; Lazenby v. White, 41 Law J. Ch. 354; Manufacturing Co. v. Spear, 2 Sandf. 599; Brown, Trade-Marks, (2d Ed.) § 681. Not only are complainants entitled to an injunction, but to an accounting. Moet v. Couston, 33 Beav. 578; Edelsten v. Edelsten, 1 De Gex, J. & S. 185; Millington v. Fox, 3 Mylne & C. 338; Morgan v. Troxell, 57 How. 121; Holt v. Menendez, 23 Fed. Rep. 869.

Maurice Fels, Geo. P. Rich, and Mayer Sulzberger, for respondent—

—Admitted that an injunction ought to issue, and, before any costs had been incurred subsequent to the pleadings, had offered to allow a decree to be entered by consent, but denied that there was any liability to an account. "Relief of this kind is constantly refused, even when the right of the party to an injunction is acknowledged, as in case of acquiescence or want of fraudulent intent." McLean v. Fleming, 96 U. S. 245. In Harrison v. Taylor, 11 Jur. (N. S.) 408, a decree was refused when the delay had been only one year. In Beard v. Turner, 13 Law T. (N. S.) 747, two years. In Estcourt v. Essence Co., L. R. 10 Ch. 276, seven years. The rule as to laches is the same in this country. Amoskeag Co. v. Garner, 4 Amer. Law T. Rep. (N. S.) 176. There can be no decree for an account of profits accruing before the respondent became aware of complainants' prior ownership. Edelsten v. Edelsten, 1 De Gex, J. & S. 185, 199; Moet v. Couston, 33 Beav. 578. See, also, Kittle v. Hall, 29 Fed. Rep. 511; Holt v. Menendez, 23 Fed. Rep. 869; Sugar Co. v. Sugar Co., 24 Fed. Rep. 604. Costs accruing after the filing of the bill should not be imposed. Moet v. Couston, supra; Millington v. Fox, 3 Mylne & C. 338, 353.

BUTLER, J. The complainants are not entitled to an account. For nearly four years prior to the date of suit they had notice that their trade-mark was in common use by dealers in soaps in this country, and

did nothing to prevent it until about the time of filing this bill.    The respondent's acts complained of fall within the interval specified.    Furthermore, such use had been practiced by all the principal dealers in soaps here for nearly 20 years prior to the date of suit; and the complainants, dealing in the markets of this country, as they were, should be presumed to have knowledge of this fact.    If they had not, it was because of indifference to their interests, or lack of vigilance.    There is no evidence of fraud on the respondent's part.    He did not even know of the complainants' existence, or of the existence of the rights they set up.    To hold him liable to account for his past sales, and damages to the complainants, in view of such laches, would be unjust.    He concedes the complainants' right to an injunction, and an injunction will therefore be granted.