### COOP *et al. v.* DR. SAVAGE PHYSICAL DEVELOPMENT INSTITUTE, Limited.

*(Circuit Court, S. D. New York.  June 13, 1891.)*

1. PATENTS FOR INVENTIONS—PATENTABILITY—WALKING TRACK FOR GYMNASIUM.
   Letters patent No. 358,453, issued March 1, 1887, to R. J. Roberts, for a walking track for gymnasiums, described the invention as consisting of the combination of a wooden floor, oil-painted canvas, and an interlining of thick felt, secured to the entire upper surface of the floor by glue. *Held*, on special demurrer to a bill for infringement of the patent, that an admission by the patentee that it was not new to place felt under common carpets, nor to cover a sheet of canvas with paint, would not enable the court to judicially declare that the patented combination for the purposes of walking tracks involved nothing but mechanical skill; and the demurrer must be overruled.

2. SAME—ACTION FOR INFRINGEMENT—PLEADING.
   A bill for the infringement of letters patent must state that the invention had not been in public use or on sale for more than two years before the application therefor. It is not sufficient to state that it was not in public use or on sale with the consent of the inventor. Following *Blessing* v. *Copper Works*, 34 Fed. Rep. 753.

3. SAME.
   While an averment in the bill that the patentee was the first inventor of the improvement, "which had not been known or used before his said invention," is sufficient to withstand a general demurrer, yet the omission of an averment that it had not been previously patented, or described in a printed publication, is a defect in form which may be reached by special demurrer, and should be remedied by amendment.

4. SAME—INTERROGATORIES.
   Interrogatories framed so as to compel defendant to disclose whether or not he had made walking tracks for gymnasiums since the issuance of complainant's patent, whether they were made as described in the patent, and, if not, how they were made and applied, are not objectionable.

In Equity.  On demurrer to bill.

*Fowler & Fowler* and *Charles N. Judson*, for plaintiffs.

*Redding & Kiddle*, for defendants.

SHIPMAN, J.  This is a special demurrer to the complainants' bill in equity for infringement of letters patent No. 358,453, dated March 1, 1887, to R. J. Roberts, for a walking track for gymnasiums.

The first ground of demurrer, which is stated in various forms, is that the patent is, upon its face, void for want of patentable novelty and for

want of invention. · The single claim of the patent, which describes the alleged improvement with sufficient clearness, is as follows:

"I therefore claim, as a new or improved manufacture, a gymnasium walking track, substantially as described, consisting of a wooden floor, a layer of glue, one of thick felt, or an elastic or yielding material, fastened by such glue on its entire under surface to the floor, a covering of canvas or duck, and a series of coats of oil paint applied to each other, and having the lowest one applied directly to the upper surface of the canvas, all essentially as specified."

The patentee, in his specification, makes the following disclaimer:

"I am aware that it is not new to place under a common ingrain or Brussels carpet a layer of felt, and also that it is not new to cover a sheet of canvas with paint; consequently, I do not claim such. I am not aware, however, that a felt backing has ever before been used under a painted or oil-cloth carpet; such a carpet being affixed directly to a floor, and is inelastic, and in such condition will not answer for a walking track."

The defendant, thereupon, in view of these admissions, insists that, as a carpet upon a floor, with an interlining of felt secured in some way to the floor, was old, there was no patentable invention in a painted canvas or oil-cloth covering of a wooden floor with an interlining of felt. If the patent were simply for a covering for floors, there would be much force in the suggestion, but it is for a walking track, and the invention was designed to make a track which had excellencies adapted to its peculiar needs, and therefore the ordinary knowledge in regard to coverings for floors for houses is not very serviceable. I am not aware of any common knowledge upon the subject of walking tracks within doors except that wooden tracks with some sort of an elastic covering had been used, and therefore, without further knowledge or testimony upon the state of the art, I cannot judicially declare that the embodied conception of the combination of wooden floor, oil-painted canvas, and an interlining of thick felt, secured to the entire upper surface of the floor by glue, was produced by nothing beyond mechanical skill.

Passing by, as not calling for extended remark, the point that the claim is for an aggregation, the next ground of demurrer is that the bill of complaint limits the averment in regard to public use for more than two years prior to the application for a patent to the allegation that the invention had not been in such use or on sale with the inventor's consent or allowance. This averment is defective under the decision in *Andrews* v. *Hovey*, 123 U. S. 267, 8 Sup. Ct. Rep. 101; *Blessing* v. *Copper Works*, 34 Fed Rep. 753; *Consolidated Brake-Shoe Co.* v. *Detroit S. & S. Co.*, 47 Fed. Rep. 894, (May 26, 1890,) by Judge BROWN.

The next ground is that the bill avers that the patentee was the original, first, and sole inventor of the improvement, "which had not been known or used before his said invention," but does not aver that it had not been patented or described in a printed publication in this or a foreign country. The broad averment denying knowledge or use of the invention anywhere seems to have been held, upon general demurrer, sufficient, in *McCoy* v. *Nelson*, 121 U. S. 484, 7 Sup. Ct. Rep. 1000. Upon special demurrer, I think that the omission of the averment in regard to the

inventions having been patented or described in a printed publication is a defect in form which is demurrable, and should be remedied by amendment.

The defendant next demurs to the first and third interrogatories. The three interrogatories are as follows: (1) Whether the defendant has not, since the 31st day of January, 1890, made, or caused to be made and used, one or more walking tracks for gymnasiums. (2) Whether said walking tracks, or some of them, did not consist of a floor, a layer of felt or of an elastic or yielding material, fastened to the floor by an adhesive substance, and a covering of canvas or duck, coated with paint. (3) If said tracks, or either of them, were not so made, how were the same made and applied? The first and third interrogatories are not objectionable, if a careful and thorough method of framing such questions is to be adopted, and the extent to which these interrogatories go is sanctioned by eminent text-writers. Mitf. & T. Eq. Pl. 142, 143; Story, Eq. Pl. §§ 38, 39; Curt. Eq. Prec. 32.

The fifth and sixth grounds of demurrer are sustained, with leave to amend within 15 days, upon payment of costs, to be taxed.