NATIONAL HOLLOW BRAKE BEAM CO. et al. v. INTERCHANGEABLE BRAKE BEAM CO.

CHICAGO RAILWAY EQUIPMENT CO. v. SAME.

(Circuit Court, E. D. Missouri. October 20, 1897.)

Nos. 4,047 and 4,048.

1. EQUITY PLEADING — WAIVER OF ANSWER UNDER OATH — EXCEPTIONS TO ANSWER.
   The waiver of an oath to the answer merely affects the evidential character and value of the answer, and does not operate as a waiver of complainant's right to except thereto for failure to answer interrogatories.

2. SAME—INTERROGATORIES.
   In a patent infringement suit, where one of the issues is as to infringement or noninfringement, interrogatories attached to the bill, which require

disclosures going directly to this issue, cannot be objected to on the theory that the bill is for a discovery in aid of an accounting, and that, if any of the defenses set up prevail, the answers would be unnecessary, and therefore ought not to be required at that stage of the case.

**3. SAME.**
Equity rule 39, which dispenses with a full answer in cases where defendant might, by plea, protect himself from answer and discovery, will not protect a defendant in a patent suit from answering fully to interrogatories, where he has set up every possible defense, on the theory that each of these defenses might have been set up by a plea; for the proper office of a technical plea is to interpose some conclusive defense which may determine the suit without a hearing on the merits.

**4. SAME—DISCOVERY.**
Though bills of discovery are not now as necessarily and commonly resorted to as formerly, when parties were disqualified from testifying, yet discovery is still permissible, and is an invaluable aid in the administration of equitable remedies, in order to search the consciences of the parties. and thereby the more readily reach and deal with the very matter in dispute.

These were two suits in equity for infringement of a patent, the first being brought by the National Hollow Brake Beam Company and the Chicago Railway Equipment Company jointly, and the second by the last-named company alone, against the Interchangeable Brake Beam Company. The causes were heard together on exceptions to the answers of the defendant.

Paul Bakewell and James A. Carr, for complainants.
Noble & Shields, for defendant.

ADAMS, District Judge. These two causes are submitted on exceptions to the answers of the defendant. These exceptions raise substantially the same questions, and may properly be considered together. The bills allege that the complainants are the owners of certain patents particularly described; that such patents are valid, and have been infringed by the defendant. The bill in No. 4,047 is for relief and discovery, and propounds to the defendant three interrogatories, as follows:

"(1) Whether, prior to the filing of this bill, and subsequent to December 8, 1892, the defendant, Interchangeable Brake Beam Company, made, sold, or used, or caused to be made. sold, or used, any railway brake beams like the brake beam herewith filed, and marked 'Exhibit F'; and, if so, how many such brake beams were made, sold, or used,'or caused to be made, sold, or used by it, and between what dates. (2) Whether it made, sold, or used, or caused to be made, sold, or used, the brake beam Exhibit F, before the filing of this bill, and after December 8, 1892. (3) Whether it made, sold, or used, or caused to be made, sold, or used. prior to the filing of this bill, and after December 8, 1892, any brake beams like the brake beam illustrated by Exhibit F, and, if so, how many."

Exhibit F, referred to in the interrogatories, is a full-sized sample brake beam, and is charged to have been made by the defendant, and to be in all particulars like the brake beams made, sold, and used by the defendant, and to embody the device and invention of the complainant's patent, and to be an infringement thereof. The defendant's answer in case No. 4,047 denies the incorporation of the complainant, and the novelty and utility of the invention; alleges want of patent-

able invention, and that the device had been in public use and on sale in the United States for more than two years prior to the application for the patent; alleges anticipation of the invention by several persons; denies acquiescence by the public; and particularly denies any and all infringement by the defendant. From this general summary of the answer it will be seen that the defendant has pleaded and relies upon nearly every possible defense that can be made to a cause of the kind stated in the bill. The interrogatories addressed to the defendant relate to one of the several issues created by the answer, namely, the issue of infringement. The bill expressly waives answer under oath. The defendant fails to answer the interrogatories propounded, and the complainant excepts to the answer because of such failure, for insufficiency.

It is urged, first, by the defendant, in justification of such failure, that the complainant's waiver of an answer under oath is a waiver of all right to exceptions for insufficiency. This cause being against a corporation only, an answer under oath, even if not waived by the bill, could not have been required. Corporations answer under the sanction and solemnity of their seals only; but, whether defendants answer under oath or under corporate seals, when oaths are waived, they are required to answer fully on every material issue. The waiver of an oath in any case is made by the complainant for the purpose of depriving the defendant of the advantage of his answer as evidence in his favor. If no such waiver is made, a sworn answer is taken as evidence in favor of the defendant, so forceful as to require two witnesses or one witness and corroborating circumstances to overcome it. From this it appears that the sole purpose of a waiver of an oath to an answer is to affect the evidential character and value of the answer. It has nothing to do with the answer as a pleading, and the rule prevails that the defendant must answer fairly and fully to each and every material fact alleged in the bill. This fair and full answer should serve the purpose of eliminating many undisputed facts from the case. If facts alleged by the complainant are admitted by the defendant in his answer, the necessity for consumption of time and expenditure of money in making proof thereof does not exist, and the court's attention is drawn to the debatable issues only. The power of the court to require such an answer ought not to be abridged at all; and therefore, if the complainant, for the purpose of preventing the defendant from making its answer equal in evidential strength to two witnesses, sees fit to waive the oath to the answer, the right to exceptions for insufficiency must still exist. Gamewell Fire-Alarm Tel. Co. v. Mayor, etc., 31 Fed. 312; Reed v. Insurance Co., 36 N. J. Eq. 393; Colgate v. Compagnie Francaise, 23 Fed. 82; Whittemore v. Patten, 81 Fed. 527, and cases cited.

Again, it is urged by the defendant that the several interrogatories of the complainant's bill are for a discovery in aid of an accounting, and that, as an accounting will not be necessary if any of its defenses prevail, answers to the interrogatories ought not now to be required. This, I think, is begging the question. One of the issues presented by the bill and answer is infringement or noninfringement. The interrogatories propounded go directly to this issue.

Again, it is urged by defendant that, under equity rule 39, it is not required to answer these interrogatories. This rule, so far as it is necessary to quote it, is as follows:

"The rule that if a defendant submits to answer he shall answer fully to all the matters of the bill, shall no longer apply in cases where he might by plea protect himself from such answer and discovery."

It is contended that because the defendant might have resorted to pleas in bar, and in this way presented each and every one of the defenses separately stated in the answer, he is thereby entitled to protection against discovery, found in rule 39, supra. I think this is a misconception of the rule, and a misconception of the office of pleas as distinguished from answers. The plea is an appropriate resort when the defendant relies upon some definite and conclusive ground why the suit should be either dismissed, delayed, or barred. Story, Eq. Pl. (10th Ed.) § 649; Coop. Eq. Pl. p. 223. The proper office of a plea is to interpose some ground of conclusive defense, like the pendency of a prior suit between the same parties, want of title in the complainant, statute of limitations, former adjudication, or that the defendant is an innocent purchaser for value, which may determine the suit without the necessity of an exhaustive hearing on the merits of the case under the several different defenses which may be appropriately made by answer. The defendant, by such a plea, rests his entire defense on it, and may not resort, after an adverse decision on his plea, to an answer on the merits. Hughes v. Blake, 6 Wheat. 453; Rhode Island v. Massachusetts, 14 Pet. 210, 257. The defendant, as already observed, has pleaded every conceivable defense in its answer, and, among them, the defense of noninfringement. The contention that all these defenses could have been interposed as technical pleas, in my opinion, overlooks the distinctive function of pleas, and cannot be assented to.

Judge Story, in his work on Equity Pleadings (section 652), says:

"But every defense which may be a full answer to the merits of the bill is not, as of course, to be considered as entitled to be brought forward by way of plea; * * * for, where the defense consists of a variety of circumstances, there is no use in the plea; the examination must still be at large. * * * The true end of a plea is to save to the parties the expense of an examination of the witnesses at large. And the defense proper for a plea is such as reduces the cause, or some part of it, to a single point."

And again, in section 653:

"Upon this account it is a general rule that a plea ought not to contain more defenses than one, and that a double plea is informal and multifarious, and therefore improper."

And again, in section 654:

"It may be laid down as a rule that various facts can never be pleaded in one plea, unless they are all conducive to a single point on which the defendant means to rest his defense. * * *"

From these recognized principles it is clear that defendant's answer, involving, as it does, six different defenses, cannot be treated as the equivalent or substitute for so many pleas in bar, within the true meaning of rule 39. To permit defendant to claim immunity

from a full answer would, in effect, permit him to deny to complainant the right to make proof of infringement which is denied by the defendant.

Lord Langdale. in Chadwick v. Broadwood, 3 Beav. 540, referring to what the answer must contain by way of a discovery, makes the following very pertinent and rational observation:

"If they [the interrogatories] are material for the purpose of displacing the plea, they are to be answered; but, on the other hand, if they are not material for that purpose, you are not to answer them, for, by so doing, you overrule your plea."

This doctrine seems to be founded on the intrinsic nature of pleas, as already observed. It presupposes that the plea raises a definite and distinct issue, single in its character, upon which interrogatories may be predicated, and also that there might be possible issues upon which evidence would be immaterial, and therefore not to be inquired into by interrogatories or otherwise; in other words, that the defendant stakes his case on his plea, and of necessity excludes consideration of other possible issues. For these reasons, the defendant is not protected by rule 39 from answering the interrogatories relative to infringement.

The bills in both of these causes are for relief and discovery. Notwithstanding the fact to which my attention was called in argument, that bills of discovery are not now as necessarily and commonly resorted to as formerly, when parties were disqualified from testifying; and, notwithstanding the fact that they may not be available in aid of actions at law,—yet, in my opinion, discovery is not only now permissible, but is an invaluable aid in the administration of equitable remedies. See rule 41 in equity, and addition to rule 41 made by the supreme court at its December term, 1871. These are remedies addressed to the conscience, and litigants in this court ought to have their consciences searched. By so doing, time is saved, expense is avoided, and the court is able the more readily to reach and deal with the very thing in dispute.

The foregoing remarks made in suit No. 4,047 are equally applicable to the other suit submitted, No. 4,048, and the exceptions in both are allowed.