WESTERN ELECTRIC CO. v. WILLIAMS–ABBOTT ELECTRIC CO. et al.

(Circuit Court, N. D. Ohio, E. D.    December 2, 1897.)

No. 5,678.

1. PATENTS—CONSENT DECREE—PLEADING.
    In a suit to enjoin an infringement of letters patent, the fact that a consent decree has previously been procured against a third person, who is neither defendant nor privy, is not material, and, if averred in the bill, will be struck out on motion.

2. SAME—INTERFERENCE PROCEEDINGS.
    The same rule applies to averments of interference proceedings, for they raise a presumption of the validity of the patent only as against the parties thereto and their privies.

This was a suit in equity by the Western Electric Company against the Williams-Abbott Electric Company and others for alleged infringement of a patent. The cause was heard upon exceptions to the bill, accompanied by a motion to strike out certain allegations.

Barton & Brown, for complainant.

E. A. Angell, for respondents.

RICKS, District Judge.    Exceptions are filed to the bill in this case, accompanied by a motion to strike from the bill the averments setting forth the facts connected with four consent decrees entered in United States circuit courts in the several districts described. It is averred that this recital of the proceedings wherein consent decrees were entered can have no place in this proceeding, except to influence the court upon an application for a preliminary injunction, and on such hearing they would have little weight, because decrees entered by consent are subject to suspicion, and are often recorded by collusion and unfair negotiations between the parties. I do not see that these averments are material to the issues in this case.    The facts stated are, of course, within the knowledge of the complainant, and can easily be averred and supported by affidavit; but the respondents know nothing about such decrees, and would either be compelled to aver that they knew nothing concerning the facts, and therefore could not deny, or go to the expense of ascertaining, the facts, and pleading the results of such an investigation. It is bad pleading to make an issue of facts which are not material to such issue.    It is not contended that the defendants in any of those suits where consent decrees were entered are in any way connected with the defendants or their privies, and they are not, therefore, bound by any such proceedings.    I think the motion to strike out those averments ought, therefore, to be sustained.

The next question for consideration arises upon the motion of the respondents to strike out from the bill paragraph 5, which sets forth certain interference proceedings in the patent office.    The purpose of expunging impertinent matter from the bill is to keep all irrelevant and redundant matter from the pleadings.    In this case the paragraph is not one of great length, and, so far as the same is ob-

jectionable on the ground that it increases the irrelevant matter in the bill, its length would not be a very scrious objection. But it is well, in all cases, to keep the pleadings strictly within the rule. Now, in this case, it is not averred that the respondents or their privies in any way took part in the interference proceedings in the patent office. The result of that interference was the granting of letters patent to Elisha Gray on December 23, 1884. As between the same parties, interference proceedings in the patent office are binding; but, as to outside parties, they may have persuasive force, or not, according to the merits of the interference proceedings. For what purpose are the averments concerning that proceeding inserted in this bill? If they are placed there for the purpose of being used in case an application for preliminary injunction should be made, they will prove of little value or use. Judge Lacombe well says in the case of Edward Barr Co. v. New York & N. H. Automatic Sprinkling Co., 32 Fed. 79, that:

"The complainant relies upon a successful interference in the patent office, in which one Bishop was a party. That such a successful interference is sufficient ground for presuming the validity of a patent is abundantly settled by authority, with one restriction: Namely, that such presumption arises only against the parties to the interference and their privies."

As the averments concerning these interference proceedings are not binding upon these parties, it is wrong to make an issue concerning them, and to compel the respondents to go to the expense of meeting them in the pleadings. The motion to strike from the bill is therefore sustained.