### LEVER BROS., Limited, v. PASFIELD.

(Circuit Court, E. D. New York. July 8, 1898.)

1. TRADE-MARK—WORDS SUBJECT TO APPROPRIATION.
   "Sunlight" is a good trade-mark for a soap, and is infringed by the use of the name "American Sunlight."

2. SAME—EVIDENCE OF INFRINGEMENT.
   Proof of a single sale, though made to complainant's detective, may, in connection with other proofs, be sufficient to justify an injunction.

This was a suit in equity by Lever Bros., Limited, against George R. Pasfield, for alleged infringement of the trade-mark "Sunlight," used in connection with a soap. Final hearing on pleadings and proofs.

Rowland Cox, for complainant.
Louis B. Adams, for defendant.

LACOMBE, Circuit Judge. Whether the English predecessors of complainant, or the Milwaukee firm, were the first to use the word "Sunlight" in connection with soap, is immaterial, since complainant is the owner of all the rights of both concerns in that particular use of the name. It is undoubtedly a good trade-mark, and the use of the name "American Sunlight" in connection with soap is plainly an infringement. Indeed, the only point which is urged with any force by defendant's counsel is the fact that only one actual sale is shown, and that to an emissary of the complainant, who persuaded defendant to put up and sell the goods, and bill them under the infringing designation. It is not the law, however, that relief in equity will be denied when the only actual sale proven is one to complainant's detective. It may be, as suggested in Byam v. Bullard, 1 Curt. 100, Fed. Cas. No. 2,262, that such a sale is not per se an infringement; but as pointed out in De Florez v. Raynolds, 14 Blatchf. 505, Fed. Cas. No. 3,742, it may, in connection with other proof, be persuasive evidence of other sales, and convincing proof of an intention to sell whenever the opportunity of doing so without detection is presented. The testimony of the defendant himself, especially in regard to the letter produced by complainant; his careful qualification of his answers with the phrase, "I do not remember;" the circumstances attending the sale, and his own admissions as to what he said and did; his careful preservation of the infringing labels and die,—satisfy me that, unless restrained by injunction, he will continue to sell his soap under the infringing trade-mark whenever what he may think a safe chance to do so presents itself. Against this threatened injury complainant should be protected by an injunction, but there is not proof sufficient to warrant a decree for an accounting.