### KELLER v. STRAUSS et al.

(Circuit Court, S. D. New York.   July 11, 1898.)

PATENT SUITS—INTERROGATORIES.

Interrogatories requiring defendant to state how many of the alleged infringing articles he has manufactured since a given date, and how many he now has on hand for sale, are too broad. They should be confined to the inquiry whether he manufactured, used, or sold any of such articles, and whether he had any now on hand for sale. For complainant has no right to ask for the details of defendant's business until he has established the validity of his patent, and shown a right to an accounting.

This was a suit in equity by Arthur H. Keller against Jacob Strauss and Carl Strauss for alleged infringement of a patent. The cause was heard on exceptions to the answer for insufficiency, for that defendants have not answered interrogatories numbered 1 and 2.

Briesen & Knauth, for complainant.
Murphy & Metcalf, for defendants.

LACOMBE, Circuit Judge.    The suit is for infringement of a patent.    The interrogatories are as follows:

"(1) How many toys of the construction of the toy hereto annexed and herewith filed, and marked 'Exhibit A,' did you manufacture, use, or sell, within the United States of America, since the 8th day of October, 1895, and before the commencement of this action?  (2) How many such toys have you now on hand for sale?"

The toy, Exhibit A, is the patented article, and the date of the patent is October 8, 1895.

The complainant relies upon Coop v. Development Inst., 47 Fed. 899, Same v. Same, 48 Fed. 239, and especially National Hollow Brake Beam Co. v. Interchangeable Brake Beam Co., 83 Fed. 26. The practice sustained in these decisions is one to be encouraged, and there would be no objection to complainant's motion, if he had so confined his interrogatories as to propound the questions material to be decided upon the issues presented by the bill and answer, viz. whether defendants had infringed, and whether future infringements by them may be anticipated.    Had he asked whether defendants had manufactured, used, or sold any toys of the kind claimed to be an infringement, and had any of such toys now on hand for sale, the answers called for would have been material, and, if answered in the affirmative, would have been sufficient to establish infringement and threatened infringement.    But complainant has so expanded his interrogatories as to ask for details of defendants' business with which he has no concern until he shall succeed, at final hearing, in establishing the validity of his patent, and showing his right to an accounting.    It is wholly immaterial to the issues raised by the pleadings how many infringing articles defendants may have made, used, and sold.    The distinction here suggested apparently was not called to the attention of Judge Adams in the case in 83 Fed., but objection was made to the interrogatory as a whole, without any concession that the first half of it was entirely proper and material on the question of infringement.    Complainant refers to a recent memorandum of Judge Wallace in Regina Music Box Co. v. Paillard.    It contains nothing to indicate that proof of a single bona fide sale, under circumstances fairly warranting the inference that, unless restrained by injunction, defendant may be expected to continue infringement, is not sufficient to warrant the relief prayed for.    Proof of a single sale was held sufficient in this circuit in De Florez v. Raynolds, 14 Blatchf. 505, Fed. Cas. No. 3,742.    That case has been repeatedly followed, and never overruled.    Certainly the memorandum in Regina Music Box Co. v. Paillard does not lay down any different rule.    Probably, if the evidence in that case were examined, it would be found that there were some other defects in complainant's proof of infringement.    The exceptions are overruled.