HAARMANN et al. v. LUEDERS et al.

(Circuit Court, S. D. New York. May 11, 1901.)

1. PATENTS—SUIT FOR INFRINGEMENT—PLEADING.
      An allegation in a bill for infringement of a patent setting out a former decree sustaining its validity is impertinent where no preliminary injunction is prayed for.[1]

2. SAME—INTERROGATORIES.
      Interrogatories in a bill for infringement, requiring defendants to state whether they have manufactured the alleged infringing articles, and the facts regarding the same, such as the number made, etc., are proper, and not subject to exception, where the validity of the patent has not been put in issue.

In Equity. Suit for infringement of patent. On exceptions to bill.

Elisha K. Camp (Philip Mauro and C. A. L. Massie, of counsel), for complainants.

Briesen & Knauth (Arthur v. Briesen, of counsel), for defendants.

HAZEL, District Judge. There are five exceptions taken by the defendants to the complainants' bill. The first relates to a decree sustaining complainants' patent, entered upon consent, in this court. This is not an application for preliminary injunction. Following the decision in Western Electric Co. v. Williams-Abbott Electric Co. (C. C.) 83 Fed. 842, this allegation setting forth such a decree is impertinent, and the motion to expunge paragraph 4 of the bill is granted. The second exception is waived by the defendants, and is therefore overruled. The balance of the exceptions go to the first, second, and third interrogatories. I have examined the cases cited by counsel. The demurrer under consideration does not go to the validity of the patent in suit, but merely to the title of complainants. Hence the case at bar is distinguishable from Keller v. Strauss (C. C.) 88 Fed. 517, relied upon by counsel for defendants. In that case the validity of the patent was at issue, and the exceptions were directed to the answer. The interrogatories in question, therefore, while perhaps somewhat broad in their scope, seem to be proper under the authorities. Coop v. Institute (C. C.) 47 Fed. 899. A decree may be entered accordingly, without costs.

[1] As to pleading in infringement cases in general, see note to Cardwell v. Powell, 19 C. C. A. 595.