## LOVELL MFG. CO. v. AUTOMATIC WRINGER CO.

(Circuit Court, W. D. Michigan, S. D. September 23, 1903.)

No. 1,491.

1. PATENTS—SUIT FOR INFRINGEMENT—INTERROGATORIES IN BILL.

A complainant in a suit for infringement of a patent cannot compel the defendant to state, in answer to interrogatories propounded by the bill, how many of the alleged infringing articles it has made or sold, when the infringement is denied in the answer, having no right to such information until infringement and the right to an accounting shall have been established. And the same rule applies in a suit for an accounting and recovery of royalties under a license, where the answer denies that the article inquired about is covered by the license agreement.

In Equity. On exceptions to answer.

G. A. Wolf (H. C. Lord, of counsel), for complainant.
Taggart, Denison & Wilson, for defendant.

WANTY, District Judge. The question presented is on exceptions taken by the complainant to the failure of the defendant to answer certain interrogatories propounded in the bill. The bill is filed for the purpose of recovering royalties under a license agreement in which the defendant acknowledges the validity of the patent under which the articles are made. Accompanying the bill is an exhibit, which it is averred the defendant manufactures, and which it is averred comes within the license agreement. The interrogatories are as follows:

"(1) Whether between the 15th day of October, 1902, and the 1st day of April, 1903, and prior to the filing of this bill, the defendant, the Automatic Wringer Company, made, sold, or used, or caused to be made, sold, or used, any wringers like the wringer herewith filed, and marked 'Exhibit B,' and, if so, how many such wringers were made, sold, or used, or caused to be made, sold, or used, by defendant during said period.

"(2) Whether defendant, the Automatic Wringer Company, between the 15th day of October, 1902, and the 1st day of April, 1903, made, sold, or used, or caused to be made, sold, or used, any wringer clamps similar to the clamps on the wringer marked 'Exhibit B,' and, if so, how many such clamps were made, sold, or used, or caused to be made, sold, or used, by defendant during said period."

The defendant by its answer admits that it made and sold the exhibit referred to in complainant's bill, and manufactured and sold articles similar to that exhibit, but denies that the exhibit embodies the device covered by the license agreement, or that the defendant has made, sold, or used, or caused to be made, sold, or used, any article or device coming within the terms of the license agreement, and therefore it declines to answer the interrogatory as to the number of articles it had made, sold, or used. The interrogatories propounded in the bill were taken from the interrogatory reported in the case of National Hollow Brake Beam Company v. Interchangeable Brake Beam Company (C. C.) 83 Fed. 26. In that case the defendant failed to answer these interrogatories, and exceptions were taken to the answer, as in this case, and the exceptions were sustained. It was pointed out by Judge Lacombe in the case of Keller v. Strauss (C. C.) 88 Fed. 517,

that it is not material to the issues raised by the pleadings how many infringing articles defendant may have made, used, or sold until the complainant has succeeded at final hearing in showing his right to an accounting. In that case the validity of the patent had not been established, and therefore the exceptions were overruled. A complainant's right to an accounting not only involves the validity of the patent, but must also involve infringement by the defendant. In this case the validity of the patent cannot be denied by the defendant, and it admits that it made and sold the articles alleged to come within the license agreement, but it denies that these articles do come within the license agreement, which is the issue to be tried. No court of equity should discourage the practice of simplifying the issues and limiting the expense of taking testimony by compelling defendants to answer all proper interrogatories propounded in bills of complaint, but until the validity of a patent and its infringement are in some manner adjudicated the complainant has no right to exact information as to the details of the defendant's business. Any competitor, under the claim made here, could, by the simple allegation that certain articles manufactured by a defendant infringed a patent owned by complainant which had been adjudicated valid, exact the information of just how many such articles the defendant had sold, when, as a matter of fact, the devices were so unlike that no infringement could be found. We are still of the opinion, expressed on the hearing, that until the infringement, as well as the validity of the patent, is established, the number of the alleged infringing devices sold by the defendant is not material. So, until it is found that the exhibit comes within the license agreement, the complainant has no right to compel the defendant to disclose how many such articles it has sold. In distinguishing the case of Keller v. Strauss, Judge Hazel, in Haarmann v. Lueders (C. C.) 109 Fed. 327, says that in that case the validity of the patent was at issue and exceptions were directed to the answer; but I can see no reason why the question of infringement is not equally important with the question of validity, when the details of a man's business are to be inquired into.

The exceptions are overruled.