GORHAM MFG. CO. v. SCHMIDT et al.

(District Court, S. D. New York. May 9, 1912.)

**1. TRADE-MARKS AND TRADE-NAMES (§ 93*)—INFRINGEMENT—INJUNCTION.**

Proof of sales by defendants as dealers of articles bearing infringements of complainant's trade-marks, although to agents of complainant only, together with proof that defendants had other similar articles displayed for sale in their store, is sufficient to entitle complainant to an injunction.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 104–106; Dec. Dig. § 93.*

Restraining infringement of trade-mark or trade-name as dependent on knowledge or intent of infringer, see note to Hutchinson, Pierce & Co. v. Loewy, 90 C. C. A. 4.]

**2. TRADE-MARKS AND TRADE-NAMES (§ 93*)—LIABILITY OF DEALERS FOR INFRINGEMENT—PRESUMPTION OF INTENT.**

Dealers buying from manufacturers are to a certain extent put upon inquiry and must be on their guard to ascertain whether the marks and labels on packages may be infringements of the trade-marks of other manufacturers, and are not protected from liability for selling articles bearing such infringing trade-marks by the fact that it is not conclusively shown that they intentionally deceived purchasers, which on proof of the sales must be presumed.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 104–106; Dec. Dig. § 93.*]

In Equity. Suit by the Gorham Manufacturing Company against Anthony J. Schmidt and William H. Schmidt. On final hearing. Decree for complainant.

Hugo Mock, Harry C. Adams (Frederick P. Fish, E. T. Fenwick, and L. L. Morrill, of counsel), for complainant.

Benno Loewy, for defendants.

HAZEL, District Judge. [1] This is an action for infringement of complainant's trade-mark, by the defendants, who are dealers in silver-plated ware, and for unfair competition in trade. The trade-mark which is the subject of this controversy is identically the same as that considered and held valid and infringed in Gorham Manufacturing Co. v. F. & M. Weintraub, 196 Fed. 957. A recitation of the material facts upon which such trade-mark was held valid is unnecessary. The issues are precisely the same save as to specific acts of infringement.

The defendants insist that infringement by them is not sufficiently established, and, in any event, that there was no fraud or deception in the two sales complained of because the buyers, who were respectively an attorney for the complainant, and a clerk in its employ, knew the nature of the goods they were buying, and that the goods upon which the trade-mark was stamped were of an inferior grade. It was also testified that the defendants, in addition to such sales, displayed for sale in their store 40 or 50 or so pieces of silverware which had stamped on them the anchor, the lion passant, and the old English letter G. The prima facie showing is sufficient to justify enjoining defendants

from selling their plated ware which has upon it complainant's trademark. Burnett et al. v. Hahn (C. C.) 88 Fed. 694; Lever Bros. v. Pasfield (C. C.) 88 Fed. 484; Devlin v. McLeod (C. C.) 135 Fed. 164; Low v. Fels (C. C.) 35 Fed. 361.

[2] Dealers are obliged to be on their guard when buying from manufacturers, and to a certain extent are put upon inquiry as to the character of the manufactured product and the manner in which it. is labeled or impressed, as well as to the packages in which it is contained, in order to protect the trade-mark rights of other manufac-. turers engaged in the same business. The trade-mark in controversy, according to the proofs, was used for upwards of 50 years by the complainant, and became widely and favorably known in the United States as an indication of the genuineness of its silverware, and the excellence of the workmanship. It is possible that the defendants had no knowledge of the way complainant's silverware was identified, and honestly relied wholly upon the rectitude of the manufacturer, believing that the latter would not trade-mark a product in such a way as to influence customers to buy silver-plated ware when they wanted complainant's ware. But certainly, under the proofs, to adequately protect. the complainant, the defendants must be enjoined from further sales of ware impressed with the said trade-mark.

True enough, it is not conclusively shown that there existed an intention on the part of the defendants to deceive or defraud their customers; but, in a case such as this, force must be given to the presumption which arises from the infringement of a valid trade-mark. Gannert v. Rupert, 127 Fed. 962, 62 C. C. A. 594; Florence Manufacturing Co. v. J. C. Dowd & Co., 178 Fed. 73, 101 C. C. A. 565. There is no direct evidence to show that the silverware examined by the complainant's witnesses, and the pieces bought by them, were obtained by the defendants from the firm of F. & M. Weintraub; but it appears by the affidavit of William H. Schmidt, read on motion for temporary injunction, that the defendant firm had bought "Sheffield Plate" from F. & M. Weintraub.

The complainant is entitled to an injunction, but without an accounting.