○ GORHAM MFG. CO. v. DI SALVO et al.

(District Court, S. D. New York. May 9, 1912.)

TRADE-MARKS AND TRADE-NAMES (§ 93*)—INFRINGEMENT—INJUNCTION.

Proof that defendants had in their store for sale a large number of articles bearing a spurious imitation of complainant's trade-mark is sufficient to entitle complainant to an injunction to restrain threatened infringement, and proof of confusion, deception, or injury to any marked extent is unnecessary.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 104–106; Dec. Dig. § 93.*

Restraining infringement of trade-mark or trade-name as dependent on knowledge or intent of infringer, see note to Hutchinson, Pierce & Co. v. Loewy, 90 C. C. A. 4.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep r Indexes

In Equity. Suit by the Gorham Manufacturing Company against Bernard Di Salvo and John Di Salvo. On final hearing. Decree for complainant.

Hugo Mock, Henry C. Adams (Frederick P. Fish, E. T. Fenwick, and L. L. Morrill, of counsel), for complainant.

Benno Loewy, for defendants.

HAZEL, District Judge. What has already been said in the actions against F. & M. Weintraub (post) and against A. Schmidt & Son (196 Fed. 955), regarding the validity of complainant's trademark and infringement, applies in this action. The defendants, besides selling silverware, keep an antique shop. It is quite believable that connoisseurs in silverware, when seeing the complainant's trade-mark impressed on what they assume to be a secondhand piece of silverware, would be misled into buying it in the belief that it was complainant's production. It is not altogether unlikely that a dealer in secondhand silverware might have in his possession silverware spuriously marked without his knowing it, or having a dishonest intention to palm it off for something different than it really is. It is shown without contradiction, however, that the defendants have on sale in their store a large quantity of silverware, and that upwards of 40 pieces of various sizes, at the time of the examination by complainant's lawyer, bore the counterfeit marking of the trade-mark in question. It is evident that the complainant's witness was not deceived by the sale to him, as presumably he was aware that he was not receiving genuine silver, or, at least, silver of the fineness of complainant's manufacture; yet, as the record stands, it may fairly be supposed that the defendants will sell the spurious product for the genuine unless restrained.

There is no evidence showing that the silver-plated articles in the defendants' store came from F. & M. Weintraub; but, nevertheless, under the doctrine of Gannert v. Rupert, 127 Fed. 962, 62 C. C. A. 594, and Florence Manufacturing Co. v. J. C. Dowd & Co., 178 Fed. 73, 101 C. C. A. 565, proof of confusion, deception, or injury to any marked extent is unnecessary, and complainant is entitled to protection from threatened infringement. Lever Bros. v. Pasfield (C. C.) 88 Fed. 484; Low v. Fels (C. C.) 35 Fed. 361.

A decree of injunction may be entered, without an accounting.