F. F. SLOCOMB & CO., Inc., v. A. C. LAYMAN MACH. CO.

(District Court, D. Delaware. December 6, 1912.)

No. 312.

PATENTS (§ 314*)—SUIT FOR INFRINGEMENT—EVIDENCE—ORDER OF PROOF—
DAMAGES.

Officers of a corporation defendant, in a suit for contributory infringement of a machine patent by furnishing repair parts to users of such machines, cannot be required to testify to the details and extent of defendant's business, or the various persons to whom it has sold repair parts, etc., in advance of a determination of the questions of validity and infringement of the patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 550–553; Dec. Dig. § 314.*]

In Equity. Suit by F. F. Slocomb & Co., Incorporated, against the A. C. Layman Machine Company. On motion to require witness to answer certain questions. Denied.

E. Hayward Fairbanks, of Philadelphia, Pa., for complainant.

Charles Howson and William Steell Jackson, both of Philadelphia, Pa., for defendant.

BRADFORD, District Judge. In this suit F. F. Slocomb & Co., Incorporated, the complainant, charges the A. C. Layman Machine Company, the defendant, with infringement of patent No. 927,609 and reissue patent No. 11,843, relating to leather-staking machines. The matter immediately before the court is a motion on behalf of the complainant for an order to compel Alfred C. Layman, president of the defendant, to produce a copy of a certain application pending at the time of the submission of the motion for letters patent of the United States, and also to answer interrogatory No. 236 addressed to him during the taking of the complainant's prima facie proofs. Since the argument a patent having been granted on the above application the motion so far as it relates to the production of that application has been abandoned, and the only questions now before the court arise on that portion of the above mentioned interrogatory reading as follows:

"Q. 236. In order to get before the Court in a single proceeding certain facts about which I have asked you and which you have declined to answer in view of misdirected efforts of your counsel, I will now enumerate in a single question the various facts as to which ·I desire information, and if you do not answer the question, I will make an application to Court for an order requiring you to.

"a. Give me the names of all the complainant's customers with whom you or the defendant corporation has meddled with and furnished repair parts prior ·to December 1st, 1911.

"b. Make a specific reference to the drawings of the two patents in suit and enumerate by a reference numeral on said drawings which of said repair parts you have furnished to complainant's customers or to users of complainant's machine and when and to whom, prior to December 1st, 1911.

"c. Give me the names of such of complainant's customers as you knew had installed in their plant or in use the knee pressure staking machine

conforming substantially to the reissue patent, 11,843, only, to whom you furnished repair parts adapted only for use in such machines, prior to Dec. 1, 1911.

"d. Give me the names of the complainant's customers whom you or the defendant visited soliciting their trade in the way of furnishing supplies and repair parts for the complainant's patented machines here in suit, prior to Dec. 1, 1911.

"e. Give me the names of the other parties connected with the defendant corporation to whom you made reference in your answer to my Q. 56."

The information sought under paragraph "e" of the interrogatory, requiring Layman to give the names of the other persons connected with the defendant to whom he had referred in his answer to Q. 56 is wholly immaterial as appears from that question and its answer, which are as follows:

"Q. 56. What was your authority for saying that this suit was indefinitely prolonged? Did either of your counsel tell you to say this?

"(Same objection as last before.)

"A. The fact that practically nothing had been done in this case for about two months and the slow progress that had been made led me to believe that it was being drawn on simply for business reasons and that only; in fact, the whole case which began practically last September has not only led me but others connected with our concern to feel the same way about it and I might say a number of the trade."

The other paragraphs of the interrogatory remaining open for consideration seek information as to the names of the complainant's customers or users of the complainant's machine to whom the witness or the defendant had furnished "repair parts" prior to December 1, 1911; or the names of the complainant's customers whom the witness or the defendant visited "soliciting their trade in the way of furnishing supplies and repair parts for the complainant's patented machines here in suit, prior to Dec. 1, 1911"; or the names of such of the complainant's customers as the witness knew had installed "in their plant or in use the knee pressure staking machine conforming substantially to the reissue patent, 11,843 only, to whom you furnished repair parts adapted only for use in such machines, prior to Dec. 1, 1911." Paragraph "b" requires not only a statement of the names of the complainant's customers or users of the complainant's machines to whom the witness or the defendant had furnished "repair parts" prior to December 1, 1911, but also a specific reference to the drawings of the two patents in suit and an enumeration by reference numerals on such drawings of such "repair parts" so furnished.

There has been no decree establishing the validity and infringement of the patents in suit or either of them, and the complainant is still engaged in making out its prima facie case. It has a right to prove by Layman, if it can, infringement by the defendant, contributory or otherwise, of any of the claims relied on. And it would be unnecessary and unwise at this stage of the suit to undertake a precise statement of the essentials of contributory infringement in this case or to decide whether or under what circumstances the furnishing by the defendant of "repair parts" to the complainant's machines, whether in the hands of the complainant's customers or others using the same, would constitute such infringement. The complainant is enti-

tled to the testimony of Layman for the purpose of proving such infringement, actual or supposed. That the complainant has had the benefit of Layman's testimony largely covering the supposed infringement of the claims relied on appears from the copy of his evidence submitted to the court. But should complainant conceive that the witness has not fully stated the nature and character of all the "repair parts" furnished by the defendant in supposed infringement of the claims relied on, the complainant is at liberty further to examine Layman on this subject making specific reference to the drawings of the patents and the numerals thereon indicating all "repair parts" which the complainant may claim were furnished in such infringement, and also as to the period or periods of time covering such furnishing. But at this stage of the case the complainant is not entitled to draw from the witness the names of its various customers or of the various users of its machines to whom the defendant or the witness acting for it furnished "repair parts" in supposed infringement of the patents in suit. Before this can properly be done it is necessary that the complainant should obtain an interlocutory decree sustaining the claims relied on and finding infringement. In the absence of such a decree the complainant cannot successfully insist upon a disclosure of the details and extent of the defendant's business. Keller v. Strauss (C. C.) 88 Fed. 517; Lovell Mfg. Co. v. Automatic Wringer Co. (C. C.) 124 Fed. 971. Nor does the fact that the complainant may desire, if deemed expedient by counsel, to join with the defendant "as contributory infringers or joint tort-feasors" such of the complainant's customers or users of its machines as may have been furnished with "repair parts" by the defendant, entitle the complainant at this stage of the suit to a list of the names of such customers or users. Indeed, the joinder as co-defendants of such persons generally would inevitably, I think, result in misjoinder of parties and multifariousness.

For the above reasons the motion under consideration is denied, with costs to the defendant.